5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sterling JOHNSON, Plaintiff-Appellant,
v.
SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 No. 93-6120.
 United States Court of Appeals, Tenth Circuit.
 Aug. 30, 1993.
 
 Before LOGAN and MOORE, Circuit Judges, and McWILLIAMS, Senior Circuit Judge.
 
 ORDER AND JUDGMENT[1]
 
 1
 Counsel in this case have not requested oral argument. After examining the briefs and the appellate record this panel has determined that oral argument would not materially assist the determination of this appeal. See, Fed.R.App.P. 34(a) and 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 On November 6, 1987, Sterling Johnson was discharged from his employment as a service/electrical technician with Pitney Bowes because of improper conduct with customers of Pitney Bowes. Following his discharge, Johnson applied for and received unemployment benefits. In connection therewith, Johnson certified that he was capable of performing work activity such as he was performing with his last employer. Johnson received $200 weekly until the beginning of April, 1988, when his eligibility for unemployment benefits expired.
 
 
 3
 On April 18, 1988, Johnson applied for Social Security disability and disability insurance benefits pursuant to 42 U.S.C. 416(i) and 423. In his application Johnson claimed that as the result of a heart condition, a spinal injury and emotional problems, as of the date of his discharge by Pitney Bowes he was disabled within the meaning of the Social Security Act and was entitled to benefits thereunder. Johnson's application was administratively denied. He thereafter requested and received a hearing before an administrative law judge (ALJ). After hearing, the ALJ held that Johnson was not entitled to disability benefits. Johnson's request for review by the Appeals Council was denied. The ALJ's decision thus became the final decision of the Secretary, Department of Health and Human Services. Johnson then filed a complaint in the United States District Court for the Western District of Oklahoma seeking judicial review of the Secretary's decision.
 
 
 4
 On appeal, the Secretary moved to remand in order to locate or reconstruct Johnson's file. By agreement, this motion was granted. Thereafter, a new hearing was held, and again the ALJ held that Johnson was not entitled to disability benefits. The Appeals Council denied Johnson's request for review, thereby making the ALJ's decision the Secretary's final decision in this case.
 
 
 5
 Johnson then filed a second complaint in the United States District Court for the Western District of Oklahoma seeking judicial review of the Secretary's decision. By agreement, the case was referred to a magistrate pursuant to 28 U.S.C. 636 (Supp.1993). The magistrate held that the Secretary's critical findings, i.e., the findings made by the ALJ, were supported by substantial evidence, and on that basis affirmed. Johnson now appeals to us therefrom.
 
 
 6
 A decision of the Secretary denying social security benefits will be upheld on judicial review if such decision has substantial support in the record. Richardson v. Perales, 402 U.S. 389 (1971); Diaz v. Secretary of Health and Human Services, 898 F.2d 774 (10th Cir.1990). The applicant for benefits has the burden, inter alia, of showing that because of his disability he cannot perform "past relevant work," and if he shows such to be the case, the burden then shifts to the Secretary to show that the applicant nonetheless has the residual functional capacity to perform other work which is available in the economy. Diaz v. Secretary, supra.
 
 
 7
 20 C.F.R. 404.1520 lists the following steps to be taken by the Secretary in determining whether an applicant for disability benefits is disabled: (1) if the applicant is, at the time he makes application, working in a substantial gainful activity, the Secretary will find the applicant not disabled regardless of his medical condition; (2) if the applicant is not so working at the time of his application, then the Secretary will next determine whether the applicant has a "severe impairment," and if the applicant has no "severe impairment", then the application will be denied; (3) however, if the applicant does have a severe impairment, the Secretary will then determine whether the severe impairment "meets or equals impairments listed in Appendix 1," and if it does, the application will be granted; (4) if the severe impairment does not meet or equal the listed impairments, then the Secretary must determine whether the severe impairment nonetheless permits the applicant to do "past relevant work," and if it does, the application will be denied; (5) however, if the severe impairment prevents the applicant from doing past relevant work, then the Secretary shall determine, after taking into consideration the applicant's residual functional capacity, whether the severe impairment also prevents the applicant from doing other work in the economy, and if it does not, the application shall be denied. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988); Musgrave v. Sullivan, 966 F.2d 1371 (10th Cir.1992).
 
 
 8
 Applying C.F.R. 404.1520(b) to the present case, the Secretary found that Johnson, at the date of his application for disability benefits, was not working in a substantial gainful activity. That finding is not in dispute. Although counsel suggests the contrary, from our reading of the record, the Secretary found that Johnson did have a "severe impairment." In this regard, however, the Secretary went on to find that the "severe impairment" did not meet or equal the listed impairments in Appendix 1, and, as we understand it, counsel does not object to this finding.
 
 
 9
 The Secretary found, and we believe this is the crux of the matter, that Johnson's severe impairment did not, however, preclude him from "doing past relevant work," and the Secretary also found, alternatively, that assuming he could not do past relevant work, Johnson had the residual functional capacity to perform other work in the economy.[2]
 
 
 10
 The issue before us is whether the record supports the Secretary's findings that Johnson, despite his "severe impairment," could nonetheless do his "past relevant work" and, if not, whether he could still perform other work in the economy.
 
 
 11
 Without going into detail, our study of the record convinces us that the Secretary's finding that Johnson could perform his past relevant work is supported by the record. It would necessarily follow that the record supports the Secretary's alternative finding that Johnson could also perform "other work" in the economy. In so holding, we reject Johnson's suggestion that the Secretary, in determining Johnson's residual functional capacity, did not give proper weight to evidence concerning Johnson's mental condition.
 
 
 12
 Therefore, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 The ALJ's findings, which, as indicated, became the Secretary's findings, that Johnson was not disabled are briefly summarized as follows. The ALJ found that the medical evidence showed that Johnson had a residual functional capacity for light work and that therefore he could return to his past work as a service or electronics technician. The ALJ further found that even assuming Johnson could not perform his past relevant work, vocational expert testimony had shown that several other jobs existed in significant numbers in the national economy that Johnson could perform, considering his residual functional capacity, age, education and prior work experience. The ALJ noted that Johnson was 54 years old, had prior work experience as an electronics technician, service technician and dock loader, and had training as a navigational and radar technician and two years of college education. The ALJ stated that vocational expert testimony indicated that Johnson had transferable skills including the ability to analyze, compile, copy and compute data, and use precision tools in operating conditions
 The ALJ noted that the vocational expert, in response to questions submitted by Johnson's attorney, testified that a worker who required a ten-minute break every hour for walking and standing, who needed to recline for ten minutes every hour and who suffered frequent to constant pain in his neck, shoulders, legs and chest would not be capable of performing any jobs. However, the ALJ found that there was no substantial evidence that Johnson suffered such restrictions or limitations.