UNITED STATES COURT OF APPEALS

**Filed 6/11/96**

FOR THE TENTH CIRCUIT

HENRY D. GLEASON,

      Plaintiff-Appellant,

v.

SHIRLEY CHATER, Commissioner of
Social Security Administration,[*]

      Defendant-Appellee.

No. 95-5073
(D.C. No. CV-93-572)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. Proc. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This appeal arises from the district court's affirmance of the Secretary's denial of plaintiff Henry D. Gleason's application for disability benefits. Plaintiff applied for disability benefits under Title II of the Social Security Act, alleging disability since May 1, 1989, because of a back impairment. An administrative law judge (ALJ) issued a decision denying benefits at step four of the controlling sequential analysis. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(detailing five-step analysis). After granting plaintiff's request for review, the Appeals Council vacated the ALJ's decision and remanded the case for further proceedings. The same ALJ held another hearing and considered new evidence. Thereafter, the ALJ denied benefits at step five. The Appeals Council denied review, and the ALJ's decision then became the final decision of the Secretary.

Plaintiff appealed to the district court, which affirmed the Secretary's denial of benefits. Plaintiff now appeals the district court's ruling, arguing that the record lacks substantial evidence to support the ALJ's findings that plaintiff has the residual functional capacity to perform light work and that alternative jobs exist in substantial numbers which plaintiff could perform.

"We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). If the record contains substantial evidence supporting the Secretary's findings, we must affirm. Sisco v. United States Dep't of Health & Human Servs., 10 F.3d 739, 741 (10th Cir. 1993). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quotation omitted). In making the substantial evidence determination, we neither reweigh the evidence nor substitute our discretion for that of the Secretary. Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).

Plaintiff takes issue with the ALJ's determination that plaintiff retains the residual functional capacity to perform light work. To that end, plaintiff argues that the ALJ did not take his standing limitations into account. In fact, the ALJ did recognize and take into account the standing and sitting limitations indicated by the medical evidence, as evidenced by his hypothetical to the vocational expert. In his hypothetical to the vocational expert, the ALJ cited both Dr. Griffin's 1985 opinion that plaintiff would have permanent working restrictions including lifting twenty-five pounds or less with no prolonged bending, stooping or sitting in one position for longer than two hours at a time, and Dr. Cooper's 1990 assessment of impairment in any activity requiring prolonged standing, bending, twisting,

and lifting. The record contains substantial evidence to support the ALJ's findings regarding plaintiff's limitations. Plaintiff confuses the ALJ's refusal to credit plaintiff's testimony as to his standing limitations with failure to consider any standing limitations. In this regard, the ALJ had sufficient basis to doubt plaintiff's credibility based on inconsistencies in his testimony regarding his past work at the two hearings before the ALJ, as well as discrepancies between plaintiff's activities and his testimony of disabling pain. See Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990).

Next, we reject plaintiff's argument that the ALJ erred in relying on the grids as a guideline regarding the availability of alternative work. See Gossett v. Bowen, 862 F.2d 802, 806 (10th Cir. 1988). The ALJ states in his decision that he used the grids only as a guideline, and, in fact, he relied specifically on the vocational expert testimony.

Finally, our review of the record reveals substantial evidence in support of the ALJ's finding that, although plaintiff's physical limitations prevent him from performing a full range of light work, there are a significant number of light jobs that plaintiff can perform. The vocational expert responded to the ALJ's hypothetical, listing several categories of jobs and their prevalence in both the region and the nation.

AFFIRMED.

Entered for the Court


James K. Logan
Circuit Judge