UNITED STATES COURT OF APPEALS

**Filed 10/18/96**

FOR THE TENTH CIRCUIT

---

WARREN C. CHAPPELL,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 95-5191
(D.C. No. 94-CV-9-W)
(N.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before PORFILIO, LOGAN, and LUCERO, Circuit Judges.

---

[*]    Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Although the Commissioner appears in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's decision affirming the Secretary's denial of plaintiff's application for Supplemental Security Income (SSI) benefits. Plaintiff applied for SSI benefits in June 1992, alleging he had been disabled since January 1991 due to work-related injuries to his left side, including his shoulder, arm, hand, and knee.  In what became the final decision of the Secretary, the administrative law judge (ALJ) concluded, at step four of the sequential analysis, see 20 C.F.R. § 416.920, that plaintiff could return to his past relevant work as either an apartment complex manager, a department store manager, or a housekeeping manager.  Therefore, the ALJ concluded that plaintiff was not disabled and denied him SSI benefits.

On appeal, plaintiff argues that the ALJ made several errors in assessing his residual functional capacity (RFC).  Plaintiff also challenges the ALJ's determination that he can return to his past relevant work, on the ground that the ALJ failed to develop the record and to make any findings about the mental and physical demands of plaintiff's past relevant work.

We have jurisdiction over this appeal pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We review the Secretary's decision to determine whether it is supported by substantial evidence, based on the record as a whole, and whether it correctly applies pertinent legal standards. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). Because we agree that the ALJ failed to develop the record and to make the necessary findings regarding the requirements of plaintiff's past relevant work, we reverse and remand for further proceedings.

At step four of the sequential analysis, the ALJ must first assess the claimant's RFC and then determine whether the claimant can return to his or her past relevant work given the limitations found. See generally Winfrey v. Chater, 92 F.3d 1017, 1023-25 (10th Cir. 1996)(discussing the three phases of step four in detail). Here, the ALJ completed the first phase, by determining that plaintiff could do only medium work, that he had restricted use of his left hand and chronic pain for which he took medicine that permitted him to remain reasonably alert, and that he had to change position from time to time to relieve his pain. We will discuss plaintiff's challenges to the ALJ's determination at the first phase of step four later in this order and judgment. First, however, we consider the reversible errors the ALJ committed at the second phase of the analysis.

> At the second phase of the step four analysis, the ALJ must make findings regarding the physical and mental demands of the claimant's past relevant work. See Henrie [v. United States Dep't of Health & Human Servs.], 13 F.3d [359,] 361 [10th Cir. (1993)]. To make the

necessary findings, the ALJ must obtain adequate "factual information about those work demands which have a bearing on the medically established limitations."

Winfrey, 92 F.3d at 1024 (quoting SSR 82-62, Soc. Sec. Rep. Serv., Rulings 1975-1982, 809, 812 (West 1983)). The ALJ here did not obtain any information about those demands of plaintiff's past relevant work that would have a bearing on plaintiff's exertional abilities, his restricted use of his left hand, his chronic pain, or his need to change position periodically, beyond what was in the rather limited vocational report.[1] Instead, the ALJ asked a vocational expert (VE) whether someone with certain characteristics, including the limitations mentioned, could perform any of plaintiff's past relevant occupations, of which there were approximately twelve. The VE responded that such a person could perform three of the jobs: apartment manager, housekeeping manager, and department store manager. The VE did not explain why he chose those three jobs, nor did he provide any information about how the demands of those jobs--either as plaintiff actually performed them or as they are generally performed in the national

---

[1] The vocational report that plaintiff filled out described the types of equipment plaintiff used in his job as a housekeeping manager, including a buffer, vacuum, and scrubber, and stated that it "was a job in which you have to used [sic] left hand that I can't do anymore." Appellant's App., Vol. II at 80. The vocational report also recited that, as a department store manager, plaintiff had to use a buffer, stripper, vacuum and paint machine. Id. at 82. The report contained no information about the demands of plaintiff's job as an apartment complex manager.

-4-

economy--related to the physical limitations described by the ALJ. Thus, the ALJ failed in his "basic obligation . . . to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." Henrie, 13 F.3d at 360-61.

Having failed to develop the record adequately, the ALJ was not able to fulfill his subsequent fact finding responsibilities. Therefore, rather than making the required findings about those demands of plaintiff's past relevant work that would relate to the particular limitations found, the ALJ simply recited the hypothetical question he posed to the VE and the VE's response, and then the ALJ made a finding that plaintiff could perform the three jobs identified by the VE. Although we review the ALJ's decision for substantial evidence, "we are not in a position to draw factual conclusions on behalf of the ALJ." Prince v. Sullivan, 933 F.2d 598, 602 (7th Cir. 1991). Further, as we recently explained in Winfrey, 92 F.3d at 1025, "[r]equiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review. When, as here, the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the VE's head, we are left with nothing to review."

Because the ALJ failed to develop an adequate record and to make the required findings about the pertinent demands of plaintiff's past relevant work,

we must reverse and remand for further proceedings. On remand, the ALJ may elicit information about the demands of plaintiff's past relevant work from a variety of sources. For instance, plaintiff can provide the ALJ information about the demands of his work as he actually performed it, and the ALJ is free to rely on information supplied by a vocational expert, see id., or contained in the Dictionary of Occupational Titles, concerning the demands of plaintiff's work as it is generally performed in the national economy. The ALJ should, however, clearly indicate the source of the information upon which he relies in making the required findings.[2]

Having determined that a remand to the agency is necessary to correct errors at the second phase of the step four analysis, we now consider whether any further correction on remand needs to be made at the first phase of the analysis, where the ALJ assessed plaintiff's RFC. Plaintiff raises several challenges to the ALJ's RFC determination: (1) the ALJ did not accord proper weight to the opinions of plaintiff's treating physicians and, instead, relied on the opinion of an examining physician; (2) the ALJ erred in failing to obtain a consultative

---

[2]    In affirming the ALJ, the district court relied upon the description of plaintiff's past relevant work contained in the Dictionary of Occupational Titles, even though, as the court acknowledged, the ALJ never suggested that he relied on those job descriptions in reaching his decision. A reviewing court may not compensate for deficiencies in an agency's decision "by supplying a reasoned basis for the agency's action that the agency itself has not given." Rapp v. United States Dep't of Treasury, 52 F.3d 1510, 1515 (10th Cir. 1995).

examination concerning plaintiff's physical impairments; (3) the ALJ failed to consider the psychological aspect of plaintiff's impairments and to order an appropriate consultative examination; and (4) the ALJ erroneously discredited plaintiff's testimony on the basis that it was overstated, rather than recognizing that the alleged overstatement was a result of plaintiff's mental condition. Because plaintiff did not assert either of the first two challenges in the district court, we will not consider them on appeal. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

Throughout the course of treatment for his injuries, plaintiff complained of symptoms for which various specialists could find no reason. According to reports of other physicians, Dr. Baldwin, one of the hand surgeons that plaintiff saw in January and February of 1991, requested that plaintiff undergo a Minnesota Multiphasic Personality Inventory (MMPI). The record does not contain any medical reports or notes from Dr. Baldwin or the actual results of the MMPI. Notes from another physician, however, reflect that Dr. Baldwin reported that the results of the MMPI "revealed significant symptom magnification as well as extremely hysterical and hypochondriacal tendencies." Appellant's App., Vol. II at 184-85 (Dr. Reed); see also id. at 173 ("The results that were recorded were that there was elevation of the hysteria and hypochondriacal indices.")(Dr. Tanner).

Dr. Reed, a surgeon who was plaintiff's treating physician, stated that the reason some of the specialists were not able to find an objective medical reason for plaintiff's complaints may have been that those doctors were given an inaccurate history of plaintiff's accident and, therefore, focused their examinations on plaintiff's hand and elbow, rather than on his entire left side. Although Dr. Reed noted the results of plaintiff's MMPI, he did not comment directly on what significance he attached to them. Nor did Dr. Reed give his own assessment of plaintiff's credibility. Dr. Reed did, however, state that plaintiff had "significant impairment due to mental/emotional deterioration associated with this injury." Id. at 199.

Plaintiff contends that Dr. Reed's opinion constitutes sufficient evidence of a mental impairment that the ALJ should have ordered a consultative examination to assess plaintiff's mental condition. The ALJ may order a consultative exam "[i]f [the claimant's] medical sources cannot or will not give [the ALJ] sufficient medical evidence about [the claimant's] impairment for [the ALJ] to determine whether [the claimant is] disabled." 20 C.F.R. § 416.917. We have held that the ALJ "has broad latitude in ordering a consultative examination," and that he need not order a consultative exam when the claimant has presented no objective evidence supporting the conclusion that he suffers from a mental impairment. Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 778 (10th Cir. 1990).

Although the record at present does not contain objective evidence of a mental impairment, it does contain several references to the MMPI that plaintiff took, the results of which may reflect a mental impairment. Because we are already remanding this case to the agency for further record development, we also direct the ALJ to make reasonable efforts to obtain the results of the MMPI. Depending on what those test results show, further development of the record, including a consultative exam, may be necessary. Likewise, the ALJ also may need to reassess the credibility of plaintiff's testimony, see Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987)(holding that one of the factors an ALJ should consider in evaluating allegations of pain is "the possibility that psychological disorders combine with physical problems"), to reevaluate plaintiff's RFC, and to complete a Psychiatric Review Technique form. The ALJ may determine what actions, if any, are necessary, once he reviews the MMPI results.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and the case is REMANDED to the District Court with directions to remand the action to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court

John C. Porfilio
Circuit Judge