**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 21 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PAUL E. SHIRLEY,

  Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,*

  Defendant-Appellee.

No. 97-5046
(D.C. No. 95-CV-1206)
(N.D. Okla.)

ORDER AND JUDGMENT**

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,*** District
Judge.

---

\* Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel, the newly-appointed
Commissioner of Social Security, is substituted for Shirley S. Chater, former
Commissioner of Social Security, as the defendant in this action.

\*\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*\* The Honorable J. Thomas Marten, District Judge, United States District
Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff filed a claim for social security disability benefits on May 13, 1993, alleging that he became disabled on March 7, 1991, due to coronary artery disease, degenerative arthritis of the spine, severe anxiety attacks, chest pain, fatigue, shortness of breath, and depression. After a hearing, an administrative law judge (ALJ) denied benefits at step five of the five-part evaluation sequence. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The ALJ decided that plaintiff could not return to his past very heavy work as a machinist or gunsmith, or to his past medium work as a welder. The ALJ found that plaintiff nevertheless retained the residual functional capacity (RFC) to perform a wide range of light work and was not disabled. The Appeals Council denied review, making the ALJ's decision the final agency decision. Plaintiff challenged this decision by filing suit in federal district court. A magistrate judge[1] determined that benefits were correctly denied. Plaintiff appeals. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and affirm.

---

[1]     The parties consented to final disposition by the magistrate judge. See 28 U.S.C. § 636(c)(1).

On appeal, plaintiff argues that: (1) the ALJ failed to give proper weight to his treating physician's opinion that the combination of his impairments would make it difficult for him to work; (2) the ALJ failed to consider his physical and mental impairments in combination; (3) the ALJ posed an improper hypothetical to the vocational expert; and (4) the findings on the Psychiatric Review Technique form are not supported by substantial evidence.

We review the agency's decision on the whole record to determine only whether it is supported by substantial evidence and whether the correct legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs. 52 F.3d 288, 289 (10th Cir. 1995). We may not reweigh the evidence or substitute our judgment for that of the agency. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

We are not persuaded by plaintiff's claims of error. He argues, first, that the ALJ should have given a reason to reject the October 21, 1994 letter from Dr. Hill, his psychiatrist, stating that the combination of his impairments would make it difficult for him to pursue work, see II Appellant's App. at 601. Although the ALJ did not comment on that opinion, we observe that it is unsupported by reference to any medical evidence. It is also inconsistent with Dr. Hill's own progress notes stating that plaintiff was doing "very well" or "excellent" on medication, and Dr. Hill's September 23, 1994 letter noting

-3-

plaintiff's multiple impairments and stating that plaintiff was doing "well" on medication. Id. at 438-39, 602. Because Dr. Hill's October 21, 1994 opinion is "brief, conclusory and unsupported by medical evidence," it was properly disregarded. Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir. 1988).

Next, plaintiff argues that the ALJ failed to consider his physical and mental impairments in combination. Our review of the ALJ's decision convinces us otherwise: the ALJ first considered the impact of plaintiff's exertional impairments on his RFC, and then the impact of his mental problems. See II Appellant's App. at 25-26. That the ALJ addressed the problems one at a time does not mean that the ALJ failed to consider them in combination. We find no error.

Plaintiff also argues that the ALJ posed an improper hypothetical to the vocational expert. It is true that "'testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [agency's] decision.'" Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) (quoting Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir.1990)). It is immaterial whether the ALJ's hypothetical questions were complete, however, because the vocational expert testified that there were jobs that plaintiff could perform, even if plaintiff's testimony was accepted as fully credible. See II Appellant's App. at 88.

Finally, plaintiff contends that the ALJ's finding on the Psychiatric Review Technique (PRT) form that he never suffered episodes of deterioration or decompensation in work or work-like settings, see id. at 35, is not supported by substantial evidence. Plaintiff testified to one episode of deterioration in a work-like setting, when he dropped out of junior college in the fall of 1994 due to pressure and anxiety. See id. at 54.

Although the ALJ thus made a technical error on the PRT form, we see no reason to remand for additional proceedings. Plaintiff testified that he needed an adjustment of medication at the time he dropped out of school, see id., and the implication of his testimony in light of his psychiatrist's notes is that the problem was resolved. Furthermore, under the regulation, if the findings on the PRT form show a severe mental impairment, then the ALJ should evaluate whether the claimant's mental impairment meets a listed mental disorder. See 20 C.F.R. § 404.1520a(c)(2). In this case, however, plaintiff does not argue that his mental impairment meets one of the listings. The ALJ's mistake might have rendered his hypothetical questions to the vocational expert incomplete. As noted above, however, the vocational expert heard plaintiff's testimony, was told to accept it as fully credible, and nevertheless testified that there were jobs that plaintiff could perform. Cf. Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990) (holding that effect of ALJ's error in identifying claimant's

subjective complaints was minimal where vocational expert was present and heard claimant's testimony, and revised her opinion after hearing it).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge