Larry BRYANT, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART,* Commissioner of Social Security Administration, Defendant–Appellee.

No. 01–5137.

United States Court of Appeals, Tenth Circuit.

June 10, 2002.

---

* On November 9, 2001, Jo Anne B. Barnhart became the Commissioner of Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Ms. Barnhart is substituted for Larry G. Massanari as the appellee in this action.

Before EBEL, HOLLOWAY, and MURPHY, Circuit Judges.

## ORDER AND JUDGMENT[**]

MURPHY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Claimant Larry Bryant appeals from an order of the district court affirming the Commissioner's decision to deny his application for supplemental security income (SSI) benefits. The district court concluded substantial evidence supported the administrative law judge's (ALJ) finding that Mr. Bryant was not disabled within the meaning of the Social Security Act because, despite his limitations, he was able to perform work within the national economy. We affirm.

### I.

Mr. Bryant filed his current application for benefits on November 16, 1998, alleging disability due to obesity, hydrocephalus (water on the brain), and sore ankles. The Commissioner denied the application at both the initial and reconsideration levels. Following a hearing, at which Mr. Bryant was represented by counsel, the ALJ de-

nied Mr. Bryant's application for benefits, finding him impaired by obesity and a low IQ, but not disabled at step five of the Commissioner's five-step process for determining SSI disability. *See* 20 C.F.R. § 416.920(f). The Appeals Council and district court both affirmed that decision. Mr. Bryant has appealed, alleging that the ALJ failed to adequately develop the record by ordering a comprehensive psychological evaluation.

This court reviews the Commissioner's decision to determine only whether the relevant findings are supported by substantial evidence in light of the entire record, and whether the Commissioner applied the correct legal standards. *Hargis v. Sullivan,* 945 F.2d 1482, 1486 (10th Cir. 1991). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala,* 44 F.3d 855, 858 (10th Cir.1994). In the course of this review, we may "neither reweigh the evidence nor substitute our judgment for that of the [Commissioner]." *Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir.1991).

### II.

■ Throughout this proceeding, Mr. Bryant was evaluated for disability based on a documented history of being at the low end of low-average intelligence. This included the consultative evaluation of Dr. William Cooper, who performed an intelligence quotient test and brief clinical interview on Mr. Bryant. On his report, Dr. Cooper indicated that the evaluation was not intended to be a comprehensive mental

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

health evaluation. Nevertheless, after his clinical interview with Mr. Bryant, Dr. Cooper made several conclusions concerning Mr. Bryant's overall mental health. Specifically, Dr. Cooper reported

> [t]here was no evidence of psychosis. No gross impairment of attention or concentration were evident. His very low score on the Comprehension subtest suggests his ability to make common sense social judgments is very limited. His anxious nature and his limited social contacts suggest that his capacity to relate to others is somewhat limited, and his ability to tolerate stress also appears limited. He does appear able to avoid obvious hazards in his environment. Though his basic math skills appear adequate, his lack of experience managing his funds and his limited social judgments suggest that he is probably is [sic] not able to manage his funds independently at this time.

Aplt.App. at 138. Mr. Bryant argues that Dr. Cooper's evaluation was too limited in scope to properly form the basis of any decision as to mental impairment. He also argues the language quoted above suggests possible anxiety and personality disorders that should compel the ALJ to order further psychological testing.

 Despite a plaintiff's overall burden of proving he is disabled, the ALJ shoulders the responsibility in the nonadversarial social security setting "to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360–61 (10th Cir.1993). This responsibility to develop the record may require the ALJ to order a consultative examination. *See Hawkins v. Chater,* 113 F.3d 1162, 1166 (10th Cir.1997). The Commissioner is given broad latitude, however, in making a decision to order such an examination. *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir.1990). Moreover, the ALJ's duty is triggered only after the plaintiff has satisfied his or her burden to provide objective evidence "sufficient to suggest a reasonable possibility that a severe impairment exists." *Hawkins,* 113 F.3d at 1167. In deciding how much evidence is sufficient to raise the issue, "the starting place must be the presence of some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation." *Id.*

In this case, there is nothing beyond Dr. Cooper's isolated statements to indicate Mr. Bryant suffered from a mental condition other than low intelligence.[1] Notably, Mr. Bryant has never been diagnosed with any anxiety or personality disorder. He has never had counseling or received any medication for a mental impairment. Indeed, other than vague statements indicating that he felt anxious or nervous, he has never complained of any symptoms which might reasonably lead to further testing. Prior to his hearing, Mr. Bryant submitted numerous medical and school records suggesting only that he had low intelligence. At the hearing, Mr. Bryant was clear in stating that he considered his only disabling conditions to be obesity and sore ankles. Under the circumstances, it was reasonable for the ALJ to rely on Dr. Coo-

---

1. As noted by both the ALJ and district court, the record contains two other statements by a physician and a physician's assistant concerning Mr. Bryant's inability to work. Contrary to Mr. Bryant's argument that the statements provide additional evidence of an undiagnosed anxiety or personality disorder, we agree with the district court that the statements provide no new diagnoses and appear to pertain only to Mr. Bryant's low intelligence quotient.

per's consultative examination in order to explore Mr. Bryant's possible psychological disability due solely to low intelligence.

Moreover, other objective evidence in the record readily points to a limiting, but not disabling, impairment due to low intelligence coupled with obesity. As noted by the district court, in addition to Dr. Cooper's assessment, the ALJ relied on the opinions of four qualified mental health practitioners concluding that Mr. Bryant does not have a severe impairment. Based on those opinions, as well as Mr. Bryant's own testimony, the ALJ found that Mr. Bryant's impairments resulted in only slight restrictions on his activities of daily living and slight difficulties in maintaining social functioning. Although the ALJ found Mr. Bryant often has deficiencies of concentration, persistence, or pace resulting in his failure to complete tasks in a timely manner, he also found that Mr. Bryant never experiences episodes of deterioration in work or work-like settings. These findings are well supported by the record and are well below the severity level necessary for a finding of disability under the regulations.

### III.

In sum, Mr. Bryant has not demonstrated that his situation required the ALJ to purchase a consultative examination to inquire into an undiagnosed anxiety or personality disorder. *See* 20 C.F.R. § 416.919a; *Hawkins*, 113 F.3d at 1166–67. Because this court concludes the ALJ's decision not to order an additional psychological examination is supported by substantial evidence, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.