951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clifton F. WILSON, Plaintiff-Appellant,
v.
Louis SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellant.
 No. 91-7074.
 United States Court of Appeals, Tenth Circuit.
 Dec. 27, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Clifton Wilson appeals an order of the district court affirming the decision of the Administrative Law Judge (ALJ) denying Wilson's claim for supplemental security income benefits. On appeal, Wilson contends that the findings of the ALJ must be reversed because they were not based on substantial evidence. He also contends that the testimony of the vocational expert was based on an improper hypothetical question posed by the Administrative Law Judge. We affirm.
 
 
 4
 In a social security disability case, we will only overturn the findings of fact of an ALJ if they are not supported by substantial evidence. See Richardson v. Perales, 402 U.S. 389 (1971). The Secretary found that Wilson's condition had medically improved. The record demonstrates that Wilson's treating orthopedist indicated that the plaintiff's back pain had markedly improved, x-rays of the lumbar spine showed satisfactory position of the plates. A few months later, the treating orthopedist found that Wilson could frequently lift and carry up to ten pounds, that he could stand, walk, or sit less than six hours and that he could sit continuously for less than two hours. Finally, the treating orthopedist noted that the plaintiff would only be precluded from work activity involving heavy lifting, twisting or repetitive bending or squatting. Based on this evidence and other evidence in the record, we conclude that the Secretary's determination was based on substantial evidence.
 
 
 5
 Wilson also contends that the testimony of the vocational expert was based on an improper hypothetical question posed by the ALJ. In Diaz v. Secretary of Health and Human Servs., 898 F.2d 774 (10th Cir.1990), we held that the ALJ's error in a hypothetical question was minimal because the vocational expert was present throughout the other testimony. The record here demonstrates that the vocational expert was present throughout the testimony. Therefore, any error in the hypothetical question is minimal and does not alter our finding that the ALJ's decision was supported by substantial evidence. The mandate shall issue forthwith.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3