977 F.2d 595
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Curtis A. DONISON, Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Appellee.
 No. 92-7038.
 United States Court of Appeals, Tenth Circuit.
 Oct. 15, 1992.
 
 Before McKAY, Chief Judge, BRORBY, Circuit Judge, and McWILLIAMS, Senior Circuit Judge.
 ORDER AND JUDGMENT*
 McWILLIAMS, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Curtis A. Donison made application for Social Security Disability Benefits and for Supplemental Security Income Disability Benefits on July 3, 1989. In his application, Donison alleged that he became disabled on June 6, 1984, because of "arthritis." His application was initially denied on October 17, 1989, and a motion for reconsideration was denied on December 1, 1989. On December 28, 1989, Donison filed a request for a hearing before an Administrative Law Judge (ALJ).
 
 
 3
 On March 7, 1990, a hearing was held before an ALJ. At this hearing, Donison appeared pro se. Apparently the Secretary was not represented at this hearing either. In any event, at the hearing only two witnesses testified, Donison and a vocational expert, both of whom were examined by the ALJ. However, Donison's administrative file, which included medical reports from four medical doctors, was also before the ALJ.
 
 
 4
 On March 23, 1990, the ALJ rendered his decision, a five-page, single-spaced opinion containing considerable detail. The nub of the ALJ's decision was that although Donison was unable to perform his previous work as a mechanic because of a combination of physical impairments, the Secretary had nonetheless shown that Donison had the residual functional capacity to perform a full range of light and sedentary work and that jobs involving that degree of functional capacity were available in the economy.
 
 
 5
 Donison sought review of the ALJ's decision by the Appeals Council of the Social Security Administration, which on March 18, 1991, denied the request for review, thereby making the decision of the ALJ the final decision of the Secretary.
 
 
 6
 On May 22, 1991, Donison, through present counsel, filed a complaint in the United States District Court for the Eastern District of Oklahoma seeking review of the Secretary's disallowance of benefits. The nub of the complaint was that the decision of the ALJ, which, as indicated, had been upheld by the Appeals Council, was not supported by substantial evidence and that the evidence adduced before the ALJ showed in reality that Donison is "severely and irremediably disabled and continues to be disabled because of back problems, severe pain, shoulder pain, swelling of the feet, painful wrists and hands with any motion" and that he "can no longer work" in his prior employment as a "laborer" or "in any other occupation." In the complaint, Donison's counsel asked that the district court review the decision and hold that Donison was entitled to social security benefits, and further asked that the case then be remanded to the Secretary with directions that he determine the monthly benefits payable to Donison. The Secretary filed an answer to Donison's complaint which, inter alia, included a certified copy of the transcript of the record before the Secretary, including the testimony and other evidentiary matter before the ALJ.
 
 
 7
 The district court referred the case to a magistrate for recommendation. On December 17, 1991, the magistrate issued his findings and recommended that the decision of the Secretary be affirmed. Donison filed objections to the magistrate's report. On January 24, 1992, the district court overruled these objections and entered a judgment in favor of the Secretary. Donison seeks our review of the district court's judgment under 28 U.S.C. § 1291 and Fed.R.App.P. 4(a)(1).
 
 
 8
 A decision of the Secretary denying social security benefits will be upheld on judicial review if such decision has substantial support in the record. Richardson v. Perales, 402 U.S. 389 (1971); Diaz v. Secretary of Health and Human Services, 898 F.2d 774 (10th Cir.1990). However, failure to apply the correct legal standards in a social security benefits case is grounds for reversal. Frey v. Bowen, 816 F.2d 508 (10th Cir.1987). Further, where the Secretary determines that an applicant for benefits cannot return to his prior work activity because of a disability, the Secretary bears the burden of proving that the applicant nonetheless has the residual functional capacity to do other work which is available in the economy. Diaz v. Secretary, supra.
 
 
 9
 We have read the testimony adduced before the ALJ, i.e., the testimony of Donison and the vocational expert, and have reviewed the various documents in Donison's administrative file, which at the hearing before the ALJ were received in evidence without objection, and we conclude therefrom that the ALJ's decision denying Donison's application for benefits is supported by substantial evidence. To hold to the contrary would simply put this court in the fact finding business. Admittedly, Donison had physical impairments and could no longer perform the work he had previously done as a mechanic, but nevertheless, in our view, there was sufficient evidence that Donison still could perform light or sedentary work and that such work was available in the present economy. In such circumstance, we cannot substitute our judgment on the matter for that of the trier of the facts.
 
 
 10
 In this court, counsel also argues that the ALJ failed to adequately represent Donison, a pro se applicant, by failing "to develop ... [his] complaint of pain in a meaningful way", citing Dixon v. Heckler, 811 F.2d 506 (10th Cir.1987). Counsel further asserts that some of the questions put by the ALJ to the vocational expert were improper and objectionable. Neither of these arguments impresses us. At the hearing before the ALJ, Donison indicated that he knew of his right to be represented by counsel, but was prepared to represent himself. The ALJ's questioning of Donison was calculated to elicit testimony to support Donison's case. And then the ALJ permitted Donison to make any additional statements he desired, which he did. Further, the questions put by the ALJ to the vocational expert certainly were not of such a nature as to require remand. Actually, the questions of the vocational expert to which objection is made on appeal were, in essence, directed to ascertaining whether there were jobs available in the present economy that required only light or sedentary work if the ALJ should find that Donison was capable of performing such work.
 
 
 11
 In sum, we perceive no reversible error in the manner the ALJ conducted the hearing, and we hold that the ALJ's decision is supported by the record.
 
 
 12
 Judgment affirmed.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3