UNITED STATES COURT OF APPEALS

**Filed 8/15/96**

FOR THE TENTH CIRCUIT

GARLAND M. TORREZ,

     Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,*

     Defendant-Appellee.

No.  95-2253
(D.C. No. CIV 93-0835 M/JHG)
(D. N.M.)


ORDER AND JUDGMENT**


Before PORFILIO, BRIGHT,*** and KELLY, Circuit Judges.

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security.  P.L. No. 103-296.  Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\*\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*\*     Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant Garland Torrez was denied social security disability benefits by the Commissioner of the Social Security Administration ("Commissioner"). Mr. Torrez now appeals from the district court's affirmance of the Commissioner's decision. For the reasons that follow, we affirm.

Mr. Torrez alleges that he is disabled because of back and leg problems. The administrative law judge ("ALJ") hearing the case determined that Mr. Torrez could not perform his past relevant work. The ALJ then determined that Mr. Torrez's allegations of pain did not credibly establish that the pain was so severe that he would be precluded from engaging in the full range of sedentary work. Thus, the ALJ concluded that Mr. Torrez was not disabled. After this decision, Mr. Torrez presented to the Appeals Council a letter from a Dr. Glover stating that Mr. Torrez was disabled and could not perform "sedentary-type" work. Dr. Glover allegedly was Mr. Torrez's treating physician for his back problems. The Appeals Council discounted Dr. Glover's opinion because Mr. Torrez failed to present any supporting medical records or clinical findings with the letter.

Mr. Torrez raises two issues on appeal. First, he argues that the Appeals Council failed to give Dr. Glover's opinion the weight typically accorded to a treating physician. Second, he argues that the ALJ erroneously concluded that Mr. Torrez's allegations of pain were not credible. We review the Commissioner's final decision to determine whether the correct legal standards were applied and whether the decision is supported by substantial evidence. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).

Mr. Torrez's first argument concerning the validity of Dr. Glover's opinion is without merit. "A treating physician's opinion may be rejected if his conclusions are not supported by specific findings." Id. at 1029. Here, Mr. Torrez did not submit any medical reports from Dr. Glover although he claims that Dr. Glover was his treating physician for back problems. Mr. Torrez attempts to circumvent this problem by pointing out that the record did contain medical reports from Lovelace Medical Center where Dr. Glover is employed. He asserts that Dr. Glover may rely on medical reports from a medical institution where he is employed in order to form his opinions. Even assuming this to be true, Mr. Torrez's argument still fails. We decline to give Dr. Glover's opinion any weight as a treating physician when there is no evidence in the record that Dr.

Glover actually treated Mr. Torrez. The Appeals Council properly rejected Dr. Glover's unsupported opinion.

Mr. Torrez next argues that the ALJ erroneously concluded that his allegations of pain were not credible. We do not reject an ALJ's credibility determinations where, as here, they are supported by substantial evidence. See Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). First, Mr. Torrez claims that the ALJ erroneously found that Mr. Torrez was not taking any medication when, in fact, he testified that he did not like to take the medication because of unpleasant side effects. The record reveals, however, that the ALJ both recognized the fact that Mr. Torrez was taking medication and that the medication caused certain side effects. Appellant's App. at 70, 72. It appears that the ALJ was merely pointing out the inconsistencies in the record concerning the amount of medication Mr. Torrez was taking. For example, although Mr. Torrez had stated he was taking Soma tablets twice a day, a form filled out by Mr. Torrez indicated that he was not taking any prescription medication but was using a "TENS" unit instead. He later testified that he only took the Soma tablets on "really bad" days. Id. at 70. In determining the credibility of pain testimony, an ALJ may consider among other things "'the levels of medication and their effectiveness . . . .'" Thompson v. Sullivan, 987 F.2d 1482, 1489 (10th Cir. 1993)

(quoting <u>Hargis v. Sullivan</u>, 945 F.2d 1482, 1489 (10th Cir. 1991)). This is in fact what the ALJ did.

Mr. Torrez also argues that the ALJ should have considered Mr. Torrez's testimony that he could no longer afford the TENS unit. If the ALJ had relied on Mr. Torrez's failure to use the TENS unit in reaching his conclusion that the allegations of pain were not credible, then the ALJ would have been required to consider Mr. Torrez's stated reasons for not using the unit. <u>See id.</u> at 1490 (setting forth analysis ALJ should use before relying on failure to pursue treatment or medication in support of noncredibility finding). The ALJ, however, did not consider the fact that Mr. Torrez was no longer using a TENS unit in support of the noncredibility determination. Rather, the ALJ simply referred to the use of the TENS unit in pointing out the inconsistencies in Mr. Torrez's stated uses of prescription medication. Appellant's App. at 70. Thus, no error occurred.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge

-5-