**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SHARON L. CHERRY,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 99-6133
(D.C. No. 97-CV-338-T)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Sharon Cherry appeals from the district court's order affirming the decision of the Commissioner of Social Security denying her application for social security disability benefits. Claimant, a fifty year old woman with a tenth grade education, alleged disability beginning on July 9, 1993, due to arthritis, abdominal pain, constipation, and irregular heart beat. [1] Claimant's application, filed on February 24, 1994, was denied initially and on reconsideration. [2] Following a hearing, the ALJ determined at step four of the five-step sequential analysis, *see* 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), that claimant had the residual functional capacity (RFC) to do a full range of light work including her past relevant work as an apartment manager. The district court adopted the magistrate judge's recommendation that the Commissioner's decision be affirmed. Claimant appeals. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

---

[1] We note that by the time claimant appealed the administrative law judge's (ALJ) decision to the Appeals Council, her counsel was representing her impairments as including emphysema, arteriosclerosis with claudication symptoms, fibromyalgia, depression and anxiety. *See* R. Vol. II at 282. These alleged impairments were not indicated in claimant's original application for benefits. *See id.* at 78-81.

[2] Claimant filed a prior application which was denied on July 9, 1993, and was not appealed. Relying on res judicata, the ALJ dismissed that portion of the insured period and only considered the period of July 9, 1993, through June 30, 1995, the date claimant was last insured. Claimant does not appeal the ALJ's decision not to reopen her prior application.

On appeal, claimant asserts that (1) substantial evidence does not support the ALJ's findings regarding the severity of claimant's pain and her ability to perform the standing, walking, and lifting required for her past relevant work; and (2) the ALJ failed to properly develop the record as to claimant's mental impairment. We review the Commissioner's decision on the whole record to determine only whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289 (10th Cir. 1995). We may not reweigh the evidence or substitute our judgment for that of the agency. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995).

Initially, claimant challenges the ALJ's findings that her subjective complaints of pain were not supported by the medical evidence in the record. Specifically, claimant alleges that the ALJ failed to link his credibility determination to specific evidence. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). We disagree.

In evaluating a claim of disabling pain, the ALJ must consider (1) whether the medical evidence establishes a pain producing impairment; (2) if so, whether there is at least a loose nexus between the impairment and the claimant's subjective complaints of pain; and (3) if so, whether considering all of the evidence, both objective and subjective, the claimant's pain is disabling.

*See Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987). Once it is determined that claimant has an impairment capable of producing pain, the ALJ must then consider her subjective complaints of pain and decide whether they are credible. *See Kepler*, 68 F.3d at 391.

Here, the ALJ established the link between the evidence and his credibility determination. The ALJ noted that, although claimant alleged severe back pain,[3] she testified that she was able to sit for thirty minutes, stand for a few minutes, do her own shopping and housework, take care of her son's two dogs, and mow her own lawn. Moreover, the ALJ stated that none of claimant's treating physicians had ever recommended surgery and that she was prescribed flexeril only on an as needed basis. The medical evidence before the ALJ showed that, although x-rays of claimant's back and knees showed degenerative changes, there were no fractures, subluxations, bony or fibrous ankylosis, or contracture due to her arthritis. He also noted that, although claimant had a limited range of motion in her back and hips, the remainder of her joints enjoyed a full range of motion.[4]

---

[3]     We note that although claimant alleged severe abdominal pain before the ALJ and the district court, she has abandoned this claim on appeal.

[4]     In the magistrate judge's recommendation, she noted that although claimant testified that she could barely walk outside to care for her son's two dogs, in April 1995, she was treated for tick bites she claimed she received while playing outside with the dogs.

Contrary to claimant's assertion, the ALJ stated adequate reasons for finding claimant's subjective complaints of pain to be incredible and linked this determination to the evidence. *See id.* Because "[c]redibility determinations are peculiarly the province of the finder of fact, . . . we will not upset such determinations when supported by substantial evidence." *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). Moreover, insofar as claimant urges this court to reweigh the evidence, this we may not do. *See Kelley*, 62 F.3d at 337.

Next, claimant asserts that the ALJ did not fully develop the record as to claimant's alleged mental impairment by ordering a consultative psychological evaluation. The record indicates that on November 4, 1993, Dr. Kami L. Barton, claimant's medical physician, noted that claimant may have a "generalized anxiety disorder." R. Vol. II at 161-62. On November 30, 1993, Dr. Barton prescribed Prozac, *id.* at 160, and in a letter dated December 13, 1993, Dr. Barton advised claimant that she would like to follow up and see how she was doing on the Prozac "in a couple of months," *id.* at 157. Later claimant reported that she never took the Prozac because "friends told her that people killed themselves when they were on [P]rozac." *Id.* at 274. The record does not indicate that she ever consulted Dr. Barton about a different drug.

At the time of the hearing, claimant testified that Dr. Barton gave her some "nerve pills," but she had not gone to a free clinic to get the prescription filled. *Id.* at 48. She also admitted that she had never been diagnosed with any mental illness or mental impairment or been hospitalized or treated for a mental illness or mental impairment. *See id.* Claimant stated that she had been advised by Dr. Barton to see a counselor, but that she had not done so. *See id.* At this point, claimant stated that she had taken "some nerve pills" prescribed by Dr. Barton. *Id.* at 49. She said that she took only fifteen pills over a three month period, and had not taken any mental health medication since. *See id.*

Accordingly, the ALJ found that claimant's "depression, anxiety, or panic attacks, whether viewed alone or in combination, do not impose any degree of functional limitations on claimant's daily activities, social functioning, or task mastering abilities," *id.* at 14, and therefore, he concluded that her mental impairments were not severe. *See* 20 C.F.R. § 404.1520a(c)(1). We agree that the absence of any objective medical evidence of a mental impairment supports the ALJ's conclusion, and in this light, the ALJ was not required to obtain a consultative psychological examination. *See Hawkins v. Chater*, 113 F.3d 1162, 1167-68 (10th Cir. 1997).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge