UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MARTIN GALLEGOS,

        Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant-Appellee.

No. 03-2072

---

ORDER
Filed June 2, 2004

---

Before **EBEL**, **HENRY**, and **MURPHY**, Circuit Judge.

---

      This matter is before the court on appellant's petition for rehearing. Upon consideration, the petition for rehearing is denied, but the panel amends its order and judgment filed on March 30, 2004, to clarify its discussion of the terms "frequent" and "repetitive." The March 30, 2004 order and judgment is withdrawn and a copy of the panel's amended order and judgment is attached to this order.

                                    Entered for the Court
                                    PATRICK FISHER, Clerk


                                    By:
                                         Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARTIN GALLEGOS,

            Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

            Defendant-Appellee.

No.  03-2072
(D.C. No. CIV-02-116 JHG)
(D. N.M.)

---

**ORDER AND JUDGMENT**   *

---

Before  **EBEL** ,  **HENRY** , and  **MURPHY** , Circuit Judges.

---

    Plaintiff-appellant Martin Gallegos appeals from an order of the district

court affirming the Commissioner's decision denying his 1999 application for

supplemental security income benefits.  Plaintiff, who is thirty-two-years old, has

a tenth grade education, and has never held a job.  He alleges that he became

---

*       After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

disabled when he was electrocuted at age thirteen; as a result, his right forearm and hand, and two toes on his left foot had to be amputated. He also suffered serious damage to his left hand, which was burned during the accident. He bases his disability claim on the limitations caused by these injuries, including extensive scarring on his left hand, which impairs his grip, and difficulty with standing, walking, and balance, due to his missing toes. The agency denied his application initially and on reconsideration.

An administrative law judge (ALJ) held a de novo hearing on plaintiff's application in July 2001. Shortly thereafter he issued a decision finding plaintiff not disabled within the meaning of 42 U.S.C. § 1382c(a)(3)(A) (defining disability). The ALJ determined that plaintiff retained the residual functional capacity (RFC) for a restricted range of light work of an unskilled nature, but limited him from performing repetitive actions with his remaining hand, and from lifting more than ten to fifteen pounds. The ALJ found that plaintiff had no past relevant work, but after eliciting testimony from a vocational expert (VE), the ALJ concluded that several unskilled light jobs, which plaintiff is exertionally capable of performing, exist in significant numbers in the regional and national economies. When the Appeals Council later denied plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. The district

court affirmed the Commissioner's decision,[1] and plaintiff now appeals. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and affirm.

Our review of the Commissioner's decision is limited to determining whether the correct legal standards were applied and whether the Commissioner's factual findings are supported by substantial evidence in the record. *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988). "In reviewing the Commissioner's decision we meticulously examine the record and view it in its entirety." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920; *Williams*, 844 F.2d at 750-52 (explaining sequential evaluation). Plaintiff's claim was denied at step five of the sequential process. He raises two issues on appeal: (1) that the district court's finding regarding plaintiff's RFC is not supported by substantial evidence and is contrary to law, and (2) that the district court

---

[1] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c)(1) and (3).

committed reversible error in affirming the ALJ's reliance on the testimony of the VE, which was contrary to the evidence and contrary to the *Dictionary of Occupational Titles* (4th ed. 1991) (DOT).

In essence, the first issue raised by plaintiff is that the ALJ ignored evidence regarding plaintiff's left arm and lower extremity impairments. We first address his left arm impairment. Plaintiff asserts that the district court's approval of the ALJ's use of the opinion of the examining doctor, Dr. Davis, that plaintiff is not precluded from *frequent* reaching, handling, or fingering is inconsistent with the ALJ's finding that plaintiff is restricted from *repetitive* actions. Plaintiff presumes the terms "frequent" and "repetitive" are synonymous, but they are not. In identifying jobs the plaintiff could perform, the VE expressly construed the term "repetitive" to mean "from two-thirds to 100 percent of the time." Aplt. App., Vol. II at 48. With that understanding, the ALJ found that the plaintiff could perform jobs that require frequent reaching, handling, or fingering, even with an RFC that precludes him from performing repetitive actions with his remaining hand. Because reaching, handling, or fingering that is performed "[f]requently" is performed only "1/3 to 2/3 of the time," the ALJ's findings are not inconsistent. *Selected Characteristics of the Occupations Defined in the Revised Dictionary of Occupational Titles*, App. C, Physical Demands at C-3 (1993).

Plaintiff also complains that the ALJ ignored Dr. Davis's finding that plaintiff's left wrist "extension [i]s limited to 20 degrees" and that the scarring on the palm of plaintiff's left hand is "extensive." *Id.*, Vol. II at 126. He contends that the ALJ viewed the evidence selectively, and ignored evidence that cast doubt on his conclusions. Having closely reviewed the record, we see no indication that the ALJ selectively viewed the evidence. Even though the ALJ did not explicitly mention plaintiff's limited left wrist extension and the extensive scarring on his left hand, the ALJ clearly accommodated Dr. Davis's observations by concluding that plaintiff is restricted from performing repetitive actions with his left hand.

Plaintiff likewise contends that the ALJ erred by not acknowledging the state agency's nonexamining doctor's Physical Residual Functional Capacity Assessment, and that the district court improperly excused the ALJ's failure to mention the Assessment by holding that the opinions of specialists are entitled to more weight than that of nonspecialists. In plaintiff's view, the district court's holding is not supported by the record or by the regulations. He asserts that because the nonexamining doctor's name is omitted from the Assessment the district court was precluded from comparing the physicians' qualifications. In the alternative, he suggests that the nonexamining doctor is, of course, a specialist in disability determinations because the state would not retain a nonspecialist.

We agree with the district court that the ALJ's failure to discuss the nonexamining doctor's Assessment was not error. Our agreement is, however, based on different grounds. *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) ("We may affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court.") (internal quotation marks omitted). Here, the ALJ chose to accord Dr. Davis's opinion more weight than that of the nonexamining physician; so doing was not wrong. It is perfectly acceptable for an ALJ to place more weight on the examining doctor's opinion than on that of the nonexamining physician. *See* 20 C.F.R. § 416.927(d)(1) (more weight is generally given to the opinion of an examining physician than a nonexamining physician); 20 C.F.R. § 416.927(f)(2)(i) (although ALJs must consider findings of a state agency nonexamining physician, ALJ is not bound by such findings).

With regard to plaintiff's lower extremity impairment, plaintiff asserts that the ALJ erred by failing to include limitations on plaintiff's ability to stand, walk, and balance. But, as noted by the district court, the ALJ found plaintiff not wholly credible and linked this factual finding to substantial evidence in the record. Our careful review reveals no error in the ALJ's assessment of plaintiff's credibility. The ALJ's determination is supported by substantial evidence, and we will therefore not disturb his finding. *See Diaz v. Sec'y of Health & Human*

-6-

*Servs.*, 898 F.2d 774, 777 (10th Cir. 1990) (observing that credibility determinations are the province of the finder of fact, and that this court will not upset such determinations when they are supported by substantial evidence).

The second issue plaintiff raises on appeal is two-fold. He asserts the ALJ manipulated the VE's testimony, and that he is unable to perform any of the jobs listed by the VE. Both of these arguments, like plaintiff's preceding arguments, fail.

After confirming that the VE had heard plaintiff's testimony and had reviewed the record, the ALJ asked her the following:

> If we were to consider an individual the age, educational background, and experience of claimant, and we were to consider this individual is limited as follows: . . . he's a one armed individual. The other hand can be used for most functions, but not repetitively. This individual is limited to unskilled work, work that does not require a lot of reading or writing, can only understand simple instructions, things of that nature. With those limitations would the individual–would there be any jobs in the economy that . . . an individual such as I described might do?

Aplt. App., Vol. II at 42. The VE opined that such an individual could only work in a "selective placement" job, that is, a position developed specifically for the individual. *Id.* Vol. II at 43. The ALJ then suggested several jobs that were rejected by the VE. The ALJ next asked about the possibility of a parking lot attendant job, to which the VE replied that the hypothetical was unclear regarding

whether the individual could handle small objects such as coins. The ALJ responded:

> [T]he individual is able to do most normal things with the hand like hold a knife, a fork, a spoon, a razor, a toothbrush, things like that, but not, not able to do repetitive things with the hand, like something that requires a repetitive motion, and opening and closing, stuff like that. In terms of just ordinary activities with the hand, I think my hypothetical would include that.

*Id.* Vol. II at 44. With this additional information the VE stated that plaintiff could work as a parking lot attendant or laundry sorter. Both jobs are light and unskilled, and neither would require plaintiff to engage in repetitive actions with his left hand or lift more than ten to fifteen pounds. [2]

Plaintiff takes issue with the district court's failure to quote the last sentence of the ALJ's description of the hypothetical individual's dexterity with small objects because "[his] left hand is not capable of ordinary activities." Aplt. Br. at 23. He again notes his left wrist's limited extension and his left hand's extensive scarring. But, as we discussed in the context of the first issue raised by plaintiff, the ALJ restricted plaintiff from performing repetitive actions with his left hand, which is consistent with Dr. Davis's observation that plaintiff suffers some impairment with that hand.

---

[2]    In the district court the Commissioner conceded that the job of gate guard, another position that was identified by the VE, is semi-skilled and is therefore beyond plaintiff's abilities.

Finally, plaintiff argues that he is unable to perform the responsibilities of a parking lot attendant or a laundry sorter. He bases this argument on what he sees as a conflict between his abilities and the job requirements contained in the DOT. This argument is meritless. Plaintiff returns to his contention that "frequent" and "repetitive" are synonymous. As we already explained, these terms have distinct legal definitions, and any argument regarding these two positions requiring frequent reaching, handling, and fingering, fails. Plaintiff also argues that the parking lot attendant job is incompatible with his abilities because it may require him to park cars: "This task is difficult enough for the unimpaired driver. To maneuver a car with but one hand, unable to grasp, flex, and bend completely, would be next to impossible." *Id.* at 24. Plaintiff's argument is not based on evidence in the record. Moreover, it is contrary to plaintiff's concession that he has two DWIs, and inconsistent with record evidence that one of plaintiff's two jail sentences was the result of a friend committing a crime with plaintiff's car.

The record in this case contains substantial evidence to support the ALJ's finding regarding plaintiff's RFC, substantial evidence supports the ALJ's reliance on the VE's testimony, and the correct legal standards were applied.

The judgment of the district court is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge