**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARY R. BRIDGES,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

      Defendant-Appellee.

No. 05-6134
(D.C. No. 04-CV-924-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Mary R. Bridges appeals from a district court order affirming the Social Security Commissioner's (Commissioner) denial of her application for disability insurance benefits. Because the Commissioner's decision is supported by substantial evidence and the correct legal standards were applied, we affirm.

BACKGROUND

Bridges filed her first application for disability benefits in October 1995, alleging disability as of July 1995. In May 1999, an administrative law judge (ALJ) denied her application.

In December 2000, Bridges filed her second application for disability benefits, claiming the same July 1995 disability date. According to her application, she was disabled due to chronic fatigue syndrome, hypertension, depression, chronic joint pain, shortness of breath, a neck injury, and occasional cognitive difficulties.

Following administrative denial of her claim, Bridges appeared at a hearing before an ALJ in December 2002. In his decision, the ALJ found that her previous application should not be re-opened and that she was not disabled between May 1999 and December 31, 2000 – the last date she was insured for disability benefits.[1]

---

[1]     Bridges' attorney stipulated at the hearing that the previous application should not be re-opened and no such request is made on appeal. Further, Bridges

(continued...)

The ALJ followed the required five-step sequential evaluation process for disability claims. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). Because Bridges was not engaged in substantial gainful employment, the ALJ moved to step two and found that her obesity, borderline intellectual functioning, and depression constituted severe impairments. However, at step three, the ALJ found that she had no impairments, singly or in combination, that met any of the Commissioner's listing of impairments.

Based on the medical record, including Bridges' testimony concerning her subjective complaints, the ALJ concluded at step four that she could not perform her past relevant work as an acid cleaner. Nonetheless, at step five, and based on hypothetical questions posed to a vocational expert, the ALJ found that because there were a significant number of light jobs that Bridges could perform, she was not disabled.

Bridges' request for review was denied by the Appeals Council, and the district court affirmed the Commissioner's decision. This appeal followed.

STANDARD OF REVIEW

We review the ALJ's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal

[1](...continued)
agrees that the last date of her eligibility for disability benefits was December 31, 2000.

standards were applied." *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotation marks omitted). We base our review on the whole record; therefore, "we . . . meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial," but we "neither reweigh the evidence nor substitute our discretion for that of the Commissioner." *Id.* (internal quotation marks and brackets omitted).

DISCUSSION

Bridges argues that the ALJ improperly evaluated her subjective complaints concerning the impact of her impairments on her ability to work and that he failed to consider all of her impairments in finding that she retained the residual functional capacity (RFC) to perform a reduced range of light work. We disagree with both arguments.

We use a three-part analysis in reviewing an ALJ's credibility determination concerning a claimant's allegations of disabling pain or impairments. *Kepler v. Chater*, 68 F.3d 387, 390 (10th Cir. 1995). First, has the claimant established a pain-producing impairment by objective medical evidence; second, if so, is there a loose nexus between the proven impairment and the claimant's subjective allegations of pain; and third, if so, does all of the evidence, both objective and subjective, establish that the pain is in fact disabling. *Id.*

Moreover, it is "difficult" for a claimant "[t]o establish disabling pain without the explicit confirmation of treating physicians." *Id*.

In the final analysis, "[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990).

In this case, the ALJ explained his reasons for determining that Bridges' testimony was not wholly credible. The medical records for the relevant time frame did not contain any findings or treatment for any condition that could reasonably be expected to produce the physical symptoms complained of by Bridges.[2] Faced with a dearth of objective evidence concerning the claimed impairments, the ALJ concluded that

> the medical records do not reveal conditions that might be expected to produce the physical symptoms alleged by the claimant. The claimant underwent testing in 2000 in response to her allegations of chest pain. There were no cardiac conditions evident to explain her symptoms. There are no other conditions to explain the claimant's remaining conditions to the degree alleged.

Aplt. App. at 21.

---

[2] From May 1999 forward, Bridges' medical records consisted of tests that eliminated certain conditions, a normal pap smear, mild obesity, and treatment for a rash and bronchitis.

More particularly, Bridges claims that the ALJ improperly ignored her testimony that chronic fatigue syndrome and resulting weakness and muscle and joint pain prevented her from working. The medical record does contain a diagnosis from a physician in September 1995 that she was unable to return to work for an indefinite period of time. However, although she continued to complain of fatigue in early 1996, the examining physician noted at that time that it was "not debilitating" and probably related to her "lack of activity and lifestyle." Aplt. App. at 275. There is no other evidence in the record of any medical treatment for, or symptoms of, chronic fatigue syndrome between 1996 and December 31, 2000 when her insured status expired. In summary, the ALJ applied the correct legal standards in evaluating Bridges' subjective allegations of her symptoms and his assessment of credibility is supported by substantial evidence in the record.

We also reject Bridges' argument that the ALJ improperly failed to consider all of her impairments in assessing her RFC. Although it is less than clear, she apparently argues that the ALJ failed to consider her depression and occasional cognitive difficulties.

An ALJ is not required to discuss every piece of evidence. Instead, "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as

significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996).

Here, the ALJ considered and specifically mentioned the only relevant consultative mental health evaluation in the record. In connection with her first application for disability benefits, a 1998 report noted a marked restriction in her ability to deal with work stresses, along with her obesity, borderline intellectual functioning, and depression. Significantly, the ALJ took these limitations into account in his RFC assessment.

Moreover, although the ALJ did not specifically mention a second 1998 consultative examination, he was required to do so only if it contained significantly probative evidence contrary to the ALJ's findings – which it did not. In fact, although the ALJ did not mention the second evaluation in his decision, it appears that he also considered it in making his RFC determination. As such, the RFC assessment is supported by substantial evidence.

The judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge