FILED
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MONICA HARLAN,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

      Defendant-Appellee.

No. 12-5082
(D.C. No. 4:10-CV-00726-JHP-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

Monica Harlan appeals from the district court's affirmance of the

Commissioner of Social Security's denial of disability insurance benefits and

supplemental security income benefits. She argues that the Administrative Law

Judge (ALJ) erred in failing to rule on her request for a consultative mental

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

examination. Reviewing under the authority of 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

Ms. Harlan alleged disability due to depression, bipolar disorder, schizophrenia, and leg and back problems. Her initial applications were denied because the medical evidence was insufficient for a determination, as she had failed to appear for scheduled consultative examinations. Reconsideration was denied because the provided medical evidence did not show a serious condition that would preclude her from working. Ms. Harlan asked for an evidentiary hearing before an ALJ.

Before the hearing was held, she sought additional mental health treatment. She was seen at the Tulsa Center for Behavioral Health with suicidal ideation, hallucinations, and depression. She was referred to Family and Children's Services (FCS), which referred her to Hillcrest Medical Center, where she was admitted for inpatient psychiatric treatment for four days. While hospitalized, she began taking medications that helped control her moods and hallucinations, and eliminated her suicidal ideation. She was diagnosed with major depressive disorder with psychosis and post-traumatic stress disorder. At her hospital discharge, she was stable and directed to follow up with FCS. For one month, she sought outpatient treatment from FCS. In the FCS Discharge Summary, completed four months later, after she did not attend regular appointments or respond to attempts to reach her, it was noted that she

made no progress in treatment because she failed to attend appointments. It was recommended that she continue using prescribed medications.

Thereafter, the ALJ held an evidentiary hearing, at which both Ms. Harlan and a vocational expert testified and medical evidence was admitted. During the hearing, Ms. Harlan's counsel requested that the ALJ order a consultative mental examination. The ALJ took the request under advisement.

Sometime later, the ALJ issued a denial decision without addressing the request for a consultative examination. The ALJ denied benefits at step five of the sequential evaluation process. *See Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010) (describing five-step process). At steps one and two, he found that Ms. Harlan had not been working since her alleged disability onset date and that she suffered from the severe impairments of depression and post-traumatic stress syndrome. Relying on Ms. Harlan's representations, the ALJ determined at step three that her impairments did not meet the listings. The ALJ found that she has mild restriction in activities of daily living; moderate difficulty with social functioning; mild difficulty with concentration, persistence, or pace; and no episodes of decompensation of an extended duration.

At step four, the ALJ determined that Ms. Harlan retained the residual functional capacity to perform medium work involving simple, repetitive tasks and only incidental contact with the public. In making this determination, the ALJ reviewed the medical evidence and noted that Ms. Harlan had been scheduled for

mental and physical consultative examinations, but she did not appear for either and she did not respond to several written, email, or voice-mail attempts to contact her. Further, the ALJ questioned Ms. Harlan's credibility due to various inconsistencies in her representations and noted that her failure to follow-up with mental health treatment suggested her symptoms may not have been as serious as she alleged. Recognizing that she has no past relevant work and relying on the vocational expert's testimony, the ALJ found at step five that Ms. Harlan can perform work that is available in significant numbers in the national economy, such as a bus person, dishwasher, or bench assembler.

The ALJ's decision became the final decision of the Commissioner after the Appeals Council denied review. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). On judicial review, the district court upheld the Commissioner's decision.

Our review is limited to the Commissioner's final decision. *See* 42 U.S.C. § 405(g). "We review [that] decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyle*, 331 F.3d at 760; *see also* 42 U.S.C. § 405(g) (stating that agency findings are conclusive if supported by substantial evidence and that where claim has been denied because claimant has not submitted proof conforming to regulation, court will review only question of conformity with regulation and validity of regulation). An ALJ's decision is not supported by substantial evidence if there are not sufficient facts before the ALJ upon which to

- 4 -

make a decision. *See Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993). "We consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008) (internal quotation marks omitted).

Ms. Harlan argues that the ALJ erred in disregarding her counsel's requests for a consultative examination by failing to mention her request for a consultative mental examination or to give reasons if he rejected the request. She faults the ALJ for ignoring the findings in the initial and reconsideration decisions that there was insufficient evidence of her mental illness to make findings. She notes that because there were no findings, there was no Psychiatric Review Technique (PRT) form in the record for the ALJ to rely on when assessing her residual mental capacity. In addition, she contends that she was pro se when she missed the consultative examinations, but, upon representation by counsel, she learned the importance of attending examinations and would do so in the future. Further, Ms. Harlan contends that the ALJ reasonably could have concluded that a consultative examination would be helpful due to the new evidence of her breakdown and inpatient treatment. Finally, Ms. Harlan argues that the ALJ's failure to address or give reasons for apparently rejecting her request for development of the record should not be subject to harmless error analysis. According to Ms. Harlan, the ALJ's failure to rule on and

provide reasons gives this court nothing to review and conflicts with the requirement

of 42 U.S.C. § 405(b)(1) that the Commissioner provide reasons for the agency's

decision.[1]  She clarifies, however, that she is not arguing that the ALJ had a legal

duty to order the requested consulting examination; she is arguing only that he was

obligated to consider the request and give reasons for his decision.

Ms. Harlan cites no statute or regulation specifically requiring an ALJ to rule

on a request for a consultative examination or to give reasons for the ruling.  And our

research has disclosed none.  Section 405(b)(1), which she does refer to, requires an

ALJ to discuss the evidence and the reasons for the ALJ's decision.  It does not

require a discussion of the reasons for denying a consultative examination.

Ms. Harlan cites two unpublished district court decisions to support her

argument that the ALJ had a duty to address and give reasons for denying her request

for a consultative examination.  *See Taylor v. Astrue*, No. 09-CV-0129-CVE-FHM,

2010 WL 3277426 (N.D. Okla. Aug. 17, 2010); *Fortna v. Astrue*,

No. 05-CV-587-SAJ (N.D. Okla. May 1, 2007) (Aplt. Br., Tab J).  These unpublished

district court cases are not binding on this court.  Nonetheless, we will address them.

---

[1]      In relevant part, § 405(b)(1) provides that a

decision by the Commissioner of Social Security which involves a
determination of disability and which is in whole or in part unfavorable
to such individual shall contain a statement of the case, in
understandable language, setting forth a discussion of the evidence, and
stating the Commissioner's determination and the reason or reasons
upon which it is based.

In *Taylor*, the claimant's attorney asked the ALJ at the hearing to update the claimant's earnings record with new quarters of coverage that would extend the claimant's insured status to June 2008 and to schedule new consultative examinations for the claimant as the prior consultative examinations were three years old. 2010 WL 3277426, at *1. The ALJ took the requests under advisement, but he failed to rule on them in the written decision and used the earlier last-insured date in his analysis. *Id*. On appeal to the district court, the claimant argued that (1) the ALJ's finding concerning the last-insured date was not supported by substantial evidence; and (2) the ALJ abused his discretion in not ordering mental and physical consultative examinations requested by the claimant, with the consequence that there was not substantial evidence in the record to support a conclusion regarding the nature and severity of the claimant's impairments. *Id.* at *2. The court remanded for development of the record concerning the claimant's quarters of coverage and for the ALJ to consider in the first instance whether additional consultative examinations were needed. *Id*. at *2 & n.1. The court stated:

> The ALJ failed to consider plaintiff's request for consultative examinations and the ALJ, not the Court, should be permitted to consider plaintiff's request for consultative examination in the first instance. If the ALJ had addressed plaintiff's request for consultative examinations, the ALJ's decision would be entitled to deference and could be reversed only for an abuse of discretion. There is little or no medical evidence in the record dating from late 2005 to June 2008 and it is possible that the ALJ would have found additional consultative examinations helpful or necessary to review plaintiff's claim for disability benefits based on a revised [date last insured]. The ALJ did not consider whether plaintiff was disabled as of June 2008 and it is not clear that the record contains sufficient evidence to make this

- 7 -

determination. Thus, the errors identified by plaintiff are not harmless and the case should be remanded for further proceedings based on the updated [date last insured] and for consideration of plaintiff's requests for consultative examinations.

*Id*. at \*2 (footnote omitted) (citations omitted).

In *Fortna*, the claimant requested that the ALJ order additional psychological testing. The previous testing was stale, it was doubtful whether the previous testing results could be obtained, and the mental diagnoses in the record were based only on interviews and history. *See* Aplt. Br., Tab J, at 11. The ALJ did not rule on the request. On appeal to the district court, the claimant argued that the ALJ failed to properly develop and evaluate his alleged mental impairment. *Id*. at 1. The district court remanded for the ALJ to develop the record in order to perform a proper analysis of the claimant's alleged disability. *Id*. at 11-13. The court did not state that a consultative examination was required, but the court did state that the ALJ erred by failing to rule on the request for psychological testing and to explain why he did not order the testing. *Id*. at 10, 13.

In comparison, in this case, there are no issues about the date last insured or stale evidence. Relevant, current mental health evidence became available between the time of the reconsideration denial and the ALJ proceedings. And Ms. Harlan does not argue that the ALJ's decision was not supported by substantial evidence or that the record was insufficient for the ALJ to make a decision without further

developing the record.[2]  Neither *Taylor* nor *Fortna* cites authority requiring an ALJ to rule on a request for a consultative examination under any set of circumstances. The decisions in both cases rest on their own unique facts, as should the decision in this case.

Ms. Harlan also cites several Tenth Circuit cases requiring an ALJ to explain the ALJ's reasoning.  *See* Aplt. Br. at 29 (citing cases).  Those cases concern the ALJ's findings at various steps in the five-step review process, the weight to give to a treating doctor, and the credibility of the claimant.  These are matters the regulations specifically require an ALJ to address with reasoning when making a disability determination.  *See* 20 C.F.R. §§ 404.1520(a)(4) (five-step process); 416.920(a)(4) (same); 404.1527(c) (weighing medical opinions); 416.927(c) (same); 404.1529 (credibility); 416.929 (same).

Without a statute, regulation, or case requiring an ALJ to rule on a request for a consultative examination or to provide reasons for the ALJ's ruling, the appropriate inquiry continues to be whether the ALJ met his responsibility to ensure the record was sufficiently developed to decide the issues presented at the hearing.  *See Grogan v. Barnhart*, 399 F.3d 1257, 1263-64 (10th Cir. 2005).  "[W]here the medical evidence in the record is inconclusive, a consultative examination is often required

---

[2]  In the district court, Ms. Harlan also argued that (1) the ALJ failed to evaluate her medical evidence and articulate the weight given to it; and (2) the ALJ's findings were not supported by substantial evidence.  She has abandoned these arguments on appeal.

for proper resolution of a disability claim." *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997) (citation omitted); *see also* 20 C.F.R. §§ 404.1519a(b) (stating agency may purchase consultative examination if evidence is insufficient for a decision), 416.919a(b) (same). In other words, after the claimant satisfies her burden to show a reasonable possibility of a severe impairment, the ALJ bears responsibility to order a consultative examination if it is necessary to resolve the impairment issue. *Hawkins*, 113 F.3d at 1167. But the ALJ "has broad latitude in ordering a consultative examination." *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir. 1990); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir. 1993) (stating ALJ has discretion to order consultative examination).

Based on Ms. Harlan's arguments and under the circumstances of this case, we cannot conclude the ALJ erred in failing to rule on the request for a consultative examination. As indicated above, she does not argue that the ALJ failed to meet his duty to develop the record or that there was not substantial evidence to support the ALJ's decision. The ALJ's failure to point out that the initial and reconsideration decisions found insufficient evidence of a mental impairment and therefore made no findings is of no consequence. Much more medical evidence was available to the ALJ at the time of the hearing than was available to the reviewers at the initial and reconsideration stages. And the ALJ further developed the record at the hearing with testimony and the new medical evidence. Moreover, Ms. Harlan fails to adequately explain why the new mental health evidence required a consultative examination.

- 10 -

Also, the fact that there was no PRT form in the record is of no consequence. The regulations permit an ALJ to consider and document in the ALJ's decision the items listed on a PRT form without obtaining a medical expert's opinion. *See* 20 C.F.R. §§ 404.1520a(d)(2), (e)(4); 416.920a(d)(2), (e)(4).[3]

Accordingly, we affirm the district court's judgment.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[3] Because we conclude there was no error, we need not address the parties' harmless-error arguments. Furthermore, we limit our holding to the facts of this case. We do not express an opinion on whether an ALJ must rule on a consultative examination request and give reasons when a claimant argues on judicial review that the ALJ failed to develop the record or the ALJ's decision is not supported by substantial evidence.