F I L E D

**UNITED STATES COURT OF APPEALS**

**FEB 10 2005**

**FOR THE TENTH CIRCUIT**

JESSIE L. WARE,

        Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

        Defendant-Appellee.

No.  04-6095
(D.C. No. 02-CV-856-F)
(W.D. Okla.)

**ORDER AND JUDGMENT***

Before **BRISCOE**, **ANDERSON**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jessie L. Ware, proceeding pro se, appeals from an order of the district court affirming the Commissioner's decision denying her application for supplemental social security income benefits (SSI). Ms. Ware filed for these benefits on June 7, 2000. She alleged disability due to back, ear, eye and asthma problems. The agency denied her application initially and on reconsideration.

On August 7, 2001, Ms. Ware received a de novo hearing before an administrative law judge (ALJ). The ALJ determined that Ms. Ware had the residual functional capacity (RFC) to perform a wide range of light work. The ALJ denied Ms. Ware's application for benefits concluding that she was not disabled at step five of the analysis because she could perform a significant number of jobs in the national economy. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining five-step process for evaluating claims for disability benefits). The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

On appeal, Ms. Ware contends that the ALJ's RFC determination is not supported by substantial evidence. Ms. Ware argues also that the ALJ's finding at step five is not supported by substantial evidence. Finally, Ms. Ware argues that the ALJ did not adequately develop the record. We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.

*Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996). Because we conclude that the ALJ's step five finding is not supported by substantial evidence, we reverse and remand for further proceedings.

The ALJ determined that Ms. Ware had the RFC for light work that did not require repetitive stooping or extended exposure to pollutants, dust or fumes. Ms. Ware contends that the RFC determination was not supported by substantial evidence. Ms. Ware alleged constant and extremely limiting back pain, hearing loss, vision loss, and asthma, but the medical evidence is not consistent with her allegations. The medical summary from Dr. Wise, Ms. Ware's eye doctor, indicates that she has "20/20 best corrected vision and with reading glasses can read print easily. She has no ocular disability." Admin R. at 125. Ms. Ware does have significant hearing loss on her left side, but only very mild hearing loss on her right side. *Id.* at 130-31. Dr. Saidi, the consultative physician, reported that Ms. Ware was able to hear properly and that he did not repeat himself during the interview. *Id*. at 136. There is no record evidence that Ms. Ware's asthma is disabling. In addition, the ALJ's RFC takes into account Ms. Ware's asthma by restricting her to jobs with limited exposure to pollutants, dust or fumes. Finally, Dr. Saidi indicated that Ms. Ware had some exertional limitations due to her degenerative disc disease, but these limitations are consistent with the ALJ's RFC determination of light work with no repetitive stooping.

Ms. Ware argues that the ALJ did not properly evaluate her subjective complaints of disabling back pain. The ALJ found that Ms. Ware's allegations regarding her limitations were not totally credible. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). Dr. Saidi noted that Ms. Ware's gait was normal and that she was able to walk without an assistive device. Admin R. at 137. He noted that Ms. Ware exhibited a little bit of decreased flexion and movement with some pain and stiffness in her back. *Id.* In response to her complaints of severe back pain, Dr. Dawson, Ms. Ware's treating physician, ordered a magnetic resonance imaging (MRI) study of her lumbar spine. After reviewing the results, Dr. Dawson noted that the MRI showed only a mild annular bulge at two points and was otherwise negative. *Id.* at 163. The MRI report indicates also that the disc spaces in Ms. Ware's spine were well maintained and there was no neural impingement. *Id.* at 164. As a result, the ALJ found that Ms. Ware's complaints of disabling back pain were not supported by credible facts. The ALJ's RFC determination is supported by substantial evidence.

After the ALJ's RFC determination, the ALJ concluded that Ms. Ware could not perform her past relevant work. The fifth and final step is to determine

whether Ms. Ware can perform other jobs in the national economy. At this step, the Commissioner has the burden to establish that Ms. Ware, with her RFC, could perform other jobs in the national economy considering her age, education, and past work experience. *Bowen*, 844 F.2d at 751. The ALJ determined that Ms. Ware was not disabled because he found that there were a significant number of jobs that she could perform in the national economy. This determination was based in large part on the ALJ's finding that Ms. Ware had transferable skills from semi-skilled work previously performed. Ms. Ware argues that the ALJ's step five finding is not supported by substantial evidence because the ALJ failed to discuss the specific skills she acquired and how those skills are transferable to the jobs cited by the vocational expert (VE). Ms. Ware alleges also that the ALJ failed to adequately develop the record. We agree with both of her contentions.

Ms. Ware was fifty-three years old at the time of the hearing, which is closely approaching advanced age. She has a high school education and prior work experience as a housekeeper and direct care service worker in a nursing home. The ALJ found that: "based on the testimony of the vocational expert, [Ms. Ware] has transferable skills from semi-skilled work previously performed. The undersigned concurs with the testimony of the vocational expert and finds the claimant has the aforementioned transferable skills." Admin. R. at 19. During the VE's testimony, however, the VE did not actually identify what skills

Ms. Ware acquired during her previous work.  Likewise, the ALJ fails to explain what transferable skills Ms. Ware actually acquired.

"When an ALJ makes a finding that a claimant has transferable skills, he must identify the specific skills actually acquired by the claimant and the specific occupations to which those skills are transferable." *Dikeman v. Halter*, 245 F.3d 1182, 1185 (10th Cir. 2001) (citing Soc. Sec. Ruling 82-41, 1982 WL 31389, at *7).  The ALJ's findings need to be supported by proper documentation.  *See id.* In this case, the Commissioner admits the ALJ did not make the required findings, *see* Aplee's Br. at 12, but claims that this omission was harmless error because there is sufficient evidence in the record to support the ALJ's conclusion.

The record here contains little, if any, evidence of Ms. Ware's transferable skills.  The Commissioner defines a skill as:

> knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn).  It is practical and familiar knowledge of the principles and processes of an art, science or trade, combined with the ability to apply them in practice in a proper and approved manner.  This includes activities like making precise measurements, reading blueprints, and setting up and operating complex machinery.

Soc. Sec. Rul. 82-41, 1982 WL 31389, at *2.     In the portion of the disability report relating to past work, Ms. Ware wrote that her past work was "Housekeeper" and "Direct Care Service Lifting Client."  Admin. R. at 98.

Ms. Ware stated that for both of these jobs she did not use machines, tools or equipment of any kind, she did not use technical knowledge or skills, and she did not write reports or complete forms. *Id.* at 99, 100. When asked to explain what kind of work she did as a direct care service provider, she testified that she "[b]athed the patient, take them out of the bed, get them up, feed them, dress them, and just --" *Id.* at 41. The ALJ appeared to interrupt Ms. Ware at that point during the hearing, *see id.*, and did not question Ms. Ware further about her past relevant work, or what skills she acquired there.

The ALJ then called a VE to testify. The VE stated that Ms. Ware's job at the nursing home was similar to that of a home attendant or first aide attendant and is considered semi-skilled with a specific vocational preparation (SVP) level of three. *Id.* at 41-42. The ALJ then asked the VE whether any work would be available that would take advantage of Ms. Ware's past relevant skills. The VE answered by listing several semi-skilled jobs. *Id.* at 42-43. The VE, however, did not identify what specific skills Ms. Ware acquired in her past work, nor did she discuss how those skills were transferable to the jobs she was listing. The ALJ's decision at this step is not supported by substantial evidence.

Finally, we agree that the ALJ erred in his duty to adequately develop the record with respect to the issue of whether Ms. Ware had transferable skills from her past relevant work. This error is independent from the ALJ's failure to make

-7-

specific findings about those skills. "[U]nlike the typical judicial proceeding, a social security disability hearing is nonadversarial, with the ALJ responsible in every case 'to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citations omitted) (quoting *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 260-61 (10th Cir. 1993)). An ALJ does not need to pursue every line of questioning, but he must fully and fairly develop the record as to material issues, even when the claimant is represented by an attorney. *See id.* at 1168 (citations omitted). In this case, the question of whether Ms. Ware had transferable skills from her past relevant work was a material issue and the need for further development on this issue was "clearly established in the record." *Id.* The ALJ erred in his duty to develop the record on this material issue when he failed to get testimony from Ms. Ware and the VE about the skills acquired by Ms. Ware in her past relevant work and how those skills transferred to the jobs listed by the VE.

Accordingly, we REVERSE the judgment of the district court and REMAND the action to the district court with directions to remand to the Commissioner for further proceedings consistent with this decision. Appellant's

motion to proceed in forma pauperis is granted.

Entered for the Court


Mary Beck Briscoe
Circuit Judge