**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALFRED L. BRIGGS,

   Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,[*]
Commissioner of the Social Security
Administration,

   Defendant-Appellee.

No. 06-5141
(D.C. No. 05-CV-237-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

   Alfred L. Briggs appeals from the order entered by the district court

denying his applications for disability insurance benefits and supplemental

security income benefits under the Social Security Act. Exercising jurisdiction

under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we affirm.

---

[*]  Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for
Jo Anne B. Barnhart as the appellee in this action.

[**]  After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I.**

In his applications for benefits, plaintiff alleged that he became disabled in April 2003 as a result of an abdominal wall hernia and back problems. After conducting a hearing and receiving oral testimony from plaintiff and a vocational expert, the administrative law judge (ALJ) went through the five-part sequential evaluation process for determining disability and denied plaintiff's applications for benefits. Specifically, in his written decision dated October 21, 2004, the ALJ found that: (1) plaintiff's ventral hernia is a severe impairment at step two; (2) for purposes of step three, plaintiff's hernia impairment does not meet or equal the criteria of any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1; (3) plaintiff's "allegations regarding his limitations are not totally credible," Aplt. App., Vol. 2 at 21; (4) for purposes of step four, plaintiff retains the residual functional capacity to perform the physical exertion requirements of his past relevant work as a mail room clerk and fast food worker; and (5) in the alternative, for purposes of step five, plaintiff retains the residual functional capacity to perform the physical exertion requirements of other light and sedentary jobs that exist in significant numbers in the regional and national economies.

In March 2005, the Appeals Council denied plaintiff's request for review of the ALJ's decision. Plaintiff then filed a complaint in the district court. In July 2006, the magistrate judge, sitting by consent of the parties and by designation of

the district court pursuant to 28 U.S.C. § 636(c)(1), entered an order and a related judgment affirming the denial of plaintiff's applications for social security benefits. This appeal followed.

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). In reviewing the ALJ's decision, "we neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Instead, we review the ALJ's decision only "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal*, 331 F.3d at 760.

## II.

Plaintiff argues the ALJ committed reversible error by: (1) failing to make a proper determination at steps two and three of the sequential evaluation process; (2) failing to fully and fairly develop the administrative record; and (3) failing to make a proper credibility determination. We conclude that plaintiff's arguments are without merit.

### A. Steps Two and Three.

In January 2000, plaintiff was diagnosed as suffering from "[m]arked restriction of motion throughout the vertebral system secondary to morbid obesity and osteoarthritis." Aplt. App., Vol. 2 at 136. Plaintiff was also diagnosed as

suffering from morbid obesity in April and May 2003. *Id.* at 171, 188. In addition, in September 2003, an x-ray of plaintiff's abdomen showed possible "sclerosis of the left sacroiliac joint with increased density of the left femoral head," *id.* at 246, and plaintiff claims that this "x-ray evidence [is] compatible with arthritic changes," Aplt. Opening Br. at 8. Plaintiff argues the ALJ erred at step two because he failed to address whether plaintiff's osteoarthritis and obesity qualify as severe impairments. *See* 20 C.F.R. §§ 404.1521(a) and 416.921(a) (providing that an impairment is severe for purposes of step two if it significantly limits the claimant's "physical or mental ability to do basic work activities"). We are constrained to disagree.

First, as the magistrate judge noted in his thorough and well-reasoned order, plaintiff "relies upon a notation by Walter L. Wilson, D.O., as support for his allegation that he has a severe impairment of osteoarthritis." Aplt. App., Vol. 1 at 22. However, "this is the only mention of such a condition in the medical records," *id.*, and "there is no suggestion [anywhere in plaintiff's medical records] that any functional limitations were found or restrictions on activities were imposed due to osteoarthritis by Plaintiff's health care providers," *id.* at 22-23.

Second, the magistrate judge correctly noted that "[t]he record does not contain a diagnosis of degenerative joint disease or even any treatment for such a condition." *Id.* at 22. As explained by the magistrate judge:

A radiologist's report of "Increased density in the left sacroiliac joint and left femoral head which may be due to technique secondary to the patient's large body habitus versus degenerative change versus other" does not support Plaintiff's allegation that this is a severe impairment. [R. 246]. Standing alone, this observation by the radiologist, who was reviewing Plaintiff's x-rays in relation to his complaints of abdominal pain, does not constitute substantial evidence of degenerative joint disease as a severe impairment at step two.

*Id.*

Third, we agree with the magistrate judge that the ALJ did not err at step two by failing to consider whether plaintiff's obesity is a severe impairment. As the magistrate judge noted:

Plaintiff did not address his obesity either in his application for benefits or at the hearing before the ALJ, but he now contends that the ALJ failed to consider the limitations of Plaintiff's obesity as required by S.S.R. [02-1P] (requiring ALJ to consider obesity at various points of the five-step analysis). Plaintiff's physicians noted the condition in several medical reports. [R. 135, 136, 169]. In particular, Dr. Whitworth, refused to perform elective surgery on Plaintiff's hernia on April 30, 2003, because of "a very high chance of significant complications and even death" due to the "extreme weight in this region."[1] [R. 170]. The ALJ acknowledged this evidence. [R. 18]. However, none of Plaintiff's physicians indicated that obesity was a factor in regard to exertional, postural and social functions. Nor did Plaintiff testify that his weight contributed to his inability to engage in activities in any way. Because there is no evidence regarding obesity in the record that the ALJ failed to consider or that the ALJ improperly considered, Plaintiff's contention of error on the part of the ALJ for failing to specifically identify obesity as a severe impairment at step two is without merit.

---

[1] We note that the medical records that plaintiff submitted to the Appeals Council show that he had surgery to repair his ventral hernia in December 2004. *See* Aplt. App., Vol. 2 at 337-53.

*Id.* at 23 (footnote added and footnote omitted); *see also* Soc. Sec. Ruling 02-1P, 2000 WL 628049, at *4 ("Neither do descriptive terms for levels of obesity (e.g., 'severe,' 'extreme,' or 'morbid' obesity) establish whether obesity is or is not a 'severe' impairment for disability program purposes. Rather, we will do an individualized assessment of the impact of obesity on an individual's functioning when deciding whether the impairment is severe.").

Finally, plaintiff argues that the ALJ erred by failing to consider at step three whether the combined effects of his osteoarthritis and obesity meet or equal a listed impairment under the listings for musculoskeletal and respiratory systems. As the magistrate judge pointed out, however, "[b]ecause the Court [found] no error on the part of the ALJ in his step two findings, Plaintiff's incidental argument with regard to the ALJ's step three findings [is] likewise without merit." Aplt. App., Vol. 1 at 24.

**B. Development of the Record.**

Plaintiff's counsel requested that the ALJ "aid in the development of the record by obtaining an examination by a consultative examiner (CE)." Aplt. Opening Br. at 29 (citing Aplt. App., Vol. 2 at 395). Specifically, the record shows that plaintiff's counsel "requested a CE to evaluate Claimant's knee pain, including x-rays of the knees, and evaluate his hand symptoms for carpal tunnel syndrome, including electrodiagnostic testing of the upper extremities." *Id.* at 30 (citing Aplt. App., Vol. 2 at 395). Plaintiff argues that a consultative examination

was necessary to "resolve the conflict or ambiguity regarding Claimant's hand limitations due to alleged carpal tunnel syndrome, and the presence or absence of osteoarthritic changes in the knees," *id.*, and he claims that the ALJ committed reversible error by failing to order the requested consultative examination.

The magistrate judge accurately summarized the ALJ's duty to develop the administrative record as follows:

> An ALJ has the responsibility "in every case 'to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" [*Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997)] (quoting *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360-61 (10th Cir. 1993)) . . . . This responsibility to develop the record may require the ALJ to order a consultative examination. *See Hawkins*, 113 F.3d at 1166. The Commissioner is given broad latitude, however, in making a decision to order such an examination. *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir. 1990). Moreover, the ALJ's duty is triggered only after the claimant has satisfied his or her burden to provide objective evidence "sufficient to suggest a reasonable possibility that a severe impairment exists." *Hawkins*, 113 F.3d at 1167.

Aplt. App., Vol. 1 at 24-25.

We agree with the magistrate judge that plaintiff failed to make a sufficient showing to require the ALJ to order a consultative examination. There is simply no medical evidence in the record indicating that plaintiff suffers from hand or knee impairments, and plaintiff has not argued that any of his other impairments required a consultative examination. Accordingly, we cannot accept plaintiff's

-7-

assertion that "[t]here was a clear need for a consultative examination and testing." Aplt. Opening Br. at 31.

### C. Credibility.

The ALJ found that plaintiff's "allegations regarding his limitations are not totally credible." Aplt. App., Vol. 2 at 21. Plaintiff argues that the ALJ's adverse credibility determination is not supported by substantial evidence in the record. He specifically challenges the ALJ's findings and/or lack of findings regarding his abdominal and shoulder pain, his daily activities, his obesity, his alleged failure to make an effort to improve his health by losing weight and quitting smoking, and his ability to sit and stand. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Diaz*, 898 F.2d at 777; *see also White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2001) (stating that "ALJ's credibility findings warrant particular deference").

We conclude that the ALJ's adverse credibility determination is supported by substantial evidence in the record, and we see no merit in the arguments advanced by plaintiff in this appeal. In particular, while plaintiff has correctly noted that he was never prescribed a diet or other treatment for his obesity, the ALJ did not err in relying on the medical records of Dr. Whitworth as part of his credibility evaluation. As pointed out by the magistrate judge, those records indicate that "Dr. Whitworth reported that when he recommended Plaintiff 'see

the clinic on South Harvard' to initiate treatment for his weight and smoking, Plaintiff became belligerent and was not motivated to do so." Aplt. App., Vol. 1 at 26 (quoting Dr. Whitworth's medical record dated April 30, 2003). Moreover, plaintiff's failure to follow Dr. Whitworth's advice was not the only factor the ALJ relied on to support his adverse credibility determination. As noted by the magistrate judge, the ALJ also "cited evidence in the record that Plaintiff's treating doctors released him to return to work with the limitation of no lifting, pushing or pulling of more than 20 pounds. He also cited Plaintiff's testimony that he can continue sitting and standing if he is allowed to change position." *Id.* We also reject plaintiff's argument that the ALJ failed to properly consider the medical evidence pertaining to his hernia. As explained by the magistrate judge, "[t]he ALJ found Plaintiff's hernia to be a severe impairment and assessed his [residual functional capacity] accordingly." *Id.*

The judgment of the district court is AFFIRMED.

Entered for the Court

Neil M. Gorsuch
Circuit Judge

-9-