**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PHYLLIS J. MATTHEWS,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,[*]
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 06-5151
(D.C. No. 05-CV-55-J)
(N.D. Okla.)

**ORDER AND JUDGMENT**[**]

Before **LUCERO**, **McKAY**, and **GORSUCH,** Circuit Judges.

Phyllis J. Matthews appeals a district court order upholding the denial of

disability insurance benefits and supplemental security income benefits under the

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for
Jo Anne B. Barnhart as the appellee in this action.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Social Security Act. Exercising jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we **AFFIRM**.

## I

Upon receiving Matthews' first application for benefits, the Social Security Administration ("Administration") determined Matthews was disabled by carpal tunnel syndrome and awarded benefits in May 1996. In December 2000, the Administration concluded Matthews was no longer disabled and terminated benefits. Matthews did not appeal this decision.[1] On March 22, 2002, she filed new applications for disability benefits. Although this new claim was also based on carpal tunnel syndrome, Matthews identified a new disability onset date of February 1, 2001.[2]

After conducting a hearing and receiving oral testimony from Matthews and a vocational expert, the ALJ denied benefits. Although he found that Matthews'

---

[1] In her reply brief, Matthews does not dispute the Administration's assertion that it terminated her prior disability benefits because it concluded her disability ceased in December 2000. In her brief to the district court, Matthews conceded that she previously "applied for Social Security disability insurance benefits and was disabled until January 2001, when she was considered improved and her benefits ceased."

[2] Although Matthews initially identified a disability onset date of October 31, 1995, she amended her onset date to February 1, 2001 during a hearing before the administrative law judge ("ALJ"). Matthews explained that she sought to amend her onset date because the Administration had previously awarded and terminated benefits in connection with her disability arising in 1995. As Matthews filed a new application instead of appealing the termination of her prior benefits, she wished to associate her new application with a disability onset date of February 2001. The ALJ permitted this amendment.

"bilateral carpal tunnel syndrome, status post injury to right wrist and obesity" were severe impairments, the ALJ held that: (1) her allegations regarding her limitations were "not totally credible"; (2) despite her severe impairments, Matthews retained residual functional capacity to perform light work with a limitation of "no constant use of the hands for such repetitive tasks as keyboarding"; and (3) she retained residual functional capacity to perform her past relevant work as a food assembler and receptionist.

In December 2004, the Appeals Council denied Matthews' request for review of the ALJ's decision. She then filed a complaint in the district court. In June 2003 a magistrate judge, sitting by consent of the parties and by designation of the district court, affirmed the denial of benefits. This appeal followed.

## II

Because the Appeals Council denied review, the ALJ's decision is the Administration's final decision for purposes of this appeal. See Doyal v. Barnhart, 331 F.3d 758, 759 (10th Cir. 2003). In reviewing the ALJ's decision, "we neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991) (citation omitted). Instead, we review the decision only "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." Doyal, 331 F.3d at 760.

In assessing whether Matthews was disabled, the ALJ utilized the five-part sequential evaluation process for disability determinations  See 20 C.F.R. § 416.920; Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988) (describing five steps of disability evaluation process).  Matthews argues the ALJ committed reversible error in applying this process by:  (1) failing to evaluate the opinion of Dr. David Wong, one of her treating physicians; (2) failing to perform a proper credibility determination; and (3) erroneously determining that Matthews could perform her relevant past work.  We conclude each of these claims is without merit.

**A**

Matthews first contends the ALJ erred in failing to address or assign weight to evidence provided by Dr. Wong, her treating physician.  Dr. Wong, an orthopedic hand surgeon, treated Matthews from May 28, 1996 to February 13, 1997.  In a February 1997 assessment, Dr. Wong concluded Matthews was "still symptomatic following four surgeries for [carpal tunnel syndrome]" and opined that her work should be "no more strenuous than doing her normal activities of daily living."  In particular, he stated, "Repetitive activities should be limited to a total of four hours per day.  She should do no lifting over ten pounds with either hand."

Although the ALJ acknowledged Matthews' prior surgeries and her treatment history with Dr. Wong, his written decision did not explicitly analyze or

reference Dr. Wong's assessment. An ALJ has a duty to consider all evidence. See Hamlin v. Barnhart, 365 F.3d 1208, 1223 n.15 (10th Cir. 2004). Failure to consider significant evidence from a treating physician may constitute error in most cases, see id.; however, we cannot conclude the ALJ erred in the instant case. As noted above, the Administration previously determined that Matthews' disability arose in 1995 and ceased in December 2000, and Matthews did not appeal this determination. Instead, she filed a new application in 2002 and identified a new disability onset date of February 2001. The Administration's unchallenged determination that Matthews was no longer disabled as of December 2000 rendered Dr. Wong's 1996 and 1997 assessments largely irrelevant. Moreover, because Matthews identified an onset date of February 1, 2001 in her current application, she was required to establish a new period of disability arising on or after that date. Dr. Wong's opinions in 1996 and 1997 do not sufficiently aid her in this showing. We accordingly reject Matthews' argument that the ALJ committed reversible error by failing to explicitly evaluate Dr. Wong's opinions.

**B**

Matthews also challenges the ALJ's finding that her "allegations regarding her limitations are not totally credible." "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." Diaz v. Sec'y of Health & Human Servs.,

898 F.2d 774, 777 (10th Cir. 1990); see also White v. Barnhart, 287 F.3d 903, 910 (10th Cir. 2001) (stating that "ALJ's credibility findings warrant particular deference").

In making his adverse credibility determination, the ALJ relied on the lack of supporting medical evidence and treatment for the time period after February 2001, explaining that:

> After giving due consideration to credibility, motivation, and the medical evidence, the Administrative Law Judge is persuaded that this claimant exaggerates [her] symptoms to include disabling pain. The claimant did not see a doctor from 1997 until she fractured her right wrist in January 2001. After being released by Dr. Hawkins on February 28, 2001 the record indicates that she has not sought medical treatment for her arm and hand complaints. The failure to seek or obtain medical attention is not consistent with a chronic or worsening medical condition. It is reasonable to assume she would exhaust every means possible to obtain relief if she was experiencing severe chronic pain. There are public facilities available to those who do not have insurance or who are unable to pay for medical care.

We agree with Matthews that certain aspects of the ALJ's credibility analysis appear to be boilerplate language and speculation. See Aplt. App., Vol. 2 at 20-21 (stating that plaintiff's "allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty," and that "even if claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors"). However, as both the ALJ and the magistrate judge noted, the record contains no

medical evidence of carpal tunnel syndrome after February 2001. See Williams, 844 F.2d at 751 n.2 (stating that social security claimant has burden of proof with respect to a showing of impairment). Nor is there any indication that Matthews sought treatment for this condition after February 2001.[3] See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (stating that factors to be considered by ALJ in assessing credibility include extensiveness of attempts to obtain relief and frequency of medical contacts). Given the lack of medical proof in the record, we conclude the ALJ's adverse credibility finding was supported by substantial evidence.[4]

## C

Finally, Matthews contends the ALJ erred in determining she retained the residual functional capacity to perform her past relevant work. Parties do not

---

[3] Matthews visited Dr. Hawkins several times in 2001 to receive treatment for a wrist fracture. Reports for these visits contain no mention of carpal tunnel syndrome. An April 2002 report from another treating physician, Dr. Davis, also fails to reference carpal tunnel. In January 2004, Matthews visited Dr. Davis to receive treatment for acute sinus. The report from this visit contains a single notation of carpal tunnel without further comment. This stray reference does not suffice as evidence of treatment for carpal tunnel syndrome.

[4] In reaching this conclusion, we recognize Matthews' assertion that she was unable to seek additional medical treatment during the relevant period because she was indigent. We note, however, that her counsel informed the ALJ that Dr. Davis had been requested to prepare an evaluation for Matthews. Although the ALJ agreed to keep the administrative record open for 14 days to allow for this submission, Matthews subsequently failed to submit an evaluation from Dr. Davis. There is no indication in the record that this failure was due to her indigency. In the absence of such a showing, we see no basis for disturbing the ALJ's adverse credibility determination.

dispute that Matthews' past work as a food assembler and receptionist required "frequent" use of the hands. Relying on the four-hour, repetitive hand-use limitation imposed by Dr. Wong in February 1997, Matthews faults the Administration for failing to explain how an individual with her limitations can perform her past work. However, Dr. Wong's 1997 repetitive-activity limitation was nullified by the Administration's December 2000 finding that Matthews was no longer disabled. We therefore reject Matthews' argument that the ALJ erred in failing to properly evaluate her ability to perform relevant past work. In addition to the above-noted lack of evidence of carpal tunnel syndrome, no post-February 2001 medical evidence indicates that Matthews is incapable of using her hands frequently during an eight-hour work day. Plaintiff carried the burden to proffer such medical evidence, see Williams, 844 F.2d at 751 n.2, and has failed to do so.

### III

The judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge